In the Matter of the Claim of EMMA RUSSELL, Respondent, against 231 LEXINGTON AVENUE CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1932.

*William Butler* [*John S. Breckinridge* and *William H. Hotchkiss* of counsel], for the appellants.

*Hornstein & Hornstein* [*Abraham Hornstein* and *George D. Hornstein* of counsel], for the appellant 231 Lexington Avenue Corporation.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *John R. O'Hanlon* of counsel], for the respondents.

PER CURIAM. This appeal by the insurance carrier and the employer, separately, involves a double indemnity award against the employer as well as an award for ordinary compensation payable by the carrier. A further complication arises out of the fact that there was a third party action brought by the father of the deceased, as administrator, against 231 Lexington Avenue Corporation (hereinafter termed the corporation) and a painter named Nelson. Such action was brought in the Federal court and was settled out of court by the corporation through its insurance company (the present insurance carrier) paying $5,000 and Nelson paying $750. The surrogate of New York county approved the compromise and a general release was executed by the father as administrator. Prior to bringing this action two notices of injury had been filed on behalf of dependents of the deceased for compensation and three notices of election to sue had been filed with the State Industrial Board, and the corporation through its president had signed two reports of the accident naming itself as employer in each and in one of them admitting that the deceased's occupation was elevator operator and that she was injured in her regular work. In one of the first notices of injury the corporation was named as employer and in the other a man named Hopkins (the

superintendent of the apartment house owned by the corporation) was named as employer. In two of the notices of election to sue the corporation was named as employer and in the other one Hopkins was named as employer. Thereafter the third party action was brought against the corporation and Nelson which was compromised. The president of the corporation was present at the time of settlement and the insurance carrier on this appeal was likewise the insurance carrier which represented the corporation in such litigation and paid the $5,000. About a year later this compensation proceeding was brought on by the mother of deceased and several brothers and a sister, which has led to the awards against the corporation which had been sued and compromised the third party action. One of the awards is a double indemnity award against the corporation on the ground that the deceased was three months under eighteen years of age at the time of her death while operating an elevator in this apartment house by falling through the shaft to the basement. Being prohibited from operating an elevator at such age by the Labor Law, the Board has been required to make this double indemnity award against the employer alone (Workmen's Comp. Law, § 14-a, added by Laws of 1923, chap. 572). The Board has figured the present value of this double indemnity award to be $11,710.06, and has directed the employer to pay the same to the aggregate trust fund provided by section 27 of the Workmen's Compensation Law. The father of deceased has received no award. The mother had no control over the action and the amount which she received as her share of the settlement of the action has been deducted from the award to her payable by the insurance carrier, so that the carrier does not have to pay any award to her personally until 1948. (*Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367.)

We conclude that there was evidence to sustain the finding of the Board that the deceased was an employee of the corporation. The third party action created no estoppel against such a finding. Those receiving the awards had no control over the action. If there was any estoppel it ran against the corporation and its insurance carrier who participated in the settlement with knowledge of the notices which had been filed and of the report of the president of the corporation admitting injury in the course of the employment of the deceased. (*Clow* v. *Keith's Fordham Theatre,* 247 N. Y. 583; *Beekman* v. *Brodie, Inc.,* 249 id. 175; *Adleman* v. *Armstrong Publishing Co.,* 222 App. Div. 705.) The right to deficiency compensation was not cut off and the settlement remained unaffected. (*O'Brien* v. *Lodi,* 246 N. Y. 46.)

There is evidence to sustain the finding of illegal employment of

the deceased as an elevator operator while under eighteen years of age. Section 14-a of the Workmen's Compensation Law applies and is a valid provision of the law. The award given to the mother thereunder against the employer alone was at the rate of $1.26 weekly " during dependency " and to a dependent sister and three dependent brothers at the rate of $2.85 weekly to each until each shall have arrived at the age of eighteen years, in accordance with the statute. (Workmen's Comp. Law, § 16, subd. 4.) But the Board has computed the present value of such double indemnity awards at $11,710.06 as of April 14, 1931, under section 27 of the Workmen's Compensation Law for immediate payment into the aggregate trust fund. While the statute seems to make dependency at the time of the accident, and not continued dependency, the standard of requirement as to compensation to brothers and sisters under eighteen, the requirement as to a parent is that she must be dependent at the time of the accident and compensation can continue only during her dependency. (Workmen's Comp. Law, § 16, subd. 4.) The statute provides no appropriate table of averages for the ascertainment of probable dependency and there can be no commutation of future payments for the support of dependent parents under section 27 of the Workmen's Compensation Law. (*Wagner* v. *Wilson & Co.*, 251 N. Y. 67.) Therefore, the Board had no authority to require the deposit of a lump sum for future payments to be made to the mother of deceased. Periodic awards can only be made to her during periods of actual dependency. In this connection we also find from the record the undisputed facts that the father turned his share of the moneys recovered in the action over to the mother for her support and that of the family and that all of those moneys, including her share, have been expended for the family debts and support. The settlement took place in September, 1927, and the father says that the moneys lasted until the last of 1929 or the beginning of 1930. It is inconceivable that the mother could be deemed dependent during the period that she was using such moneys. Nevertheless the Board has made awards to her covering such period, to the prejudice of both the carrier and the employer.

The awards should be reversed, with costs against the State Industrial Board to abide the event, and claim remitted, with directions to modify the awards in accordance with this opinion.

All concur; McNAMEE, J., not voting.

Awards reversed, with costs against the State Industrial Board to abide the event, and claim remitted, with directions to modify awards in accordance with opinion.