In the Matter of the Claim of LEO SACKOLWITZ, Claimant, against CHARLES HAMBURG & Co., INC., Respondent.

WORKMEN'S COMPENSATION BOARD, Appellant.

Argued March 6, 1946; decided April 18, 1946.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum, Orrin G. Judd* and *Theodore M. Schwartz* of counsel), for appellant. I. Section 14-a of the Workmen's Compensation Law is a mandatory statute and a minor illegally employed as therein provided must be awarded the benefits of its provisions. (*Escoe* v. *Zerbst,* 295 U. S. 490; *Emerson* v. *Mary Lincoln Candies,* 173 Misc. 531, 174 Misc. 353, 261 App. Div. 879, 287 N. Y. 577; *Matter of Graf* v. *Silver Creek Preserving Corp.,* 257 App. Div. 1090, 282 N. Y. 809; *Bloomer Brewery* v. *Industrial Commission,* 239 Wis. 605.) II. Violations of the Labor Law are malum prohibitum and a minor injured while employed in violation of section 131 of the Labor Law is entitled to the full compensation provision of the Workmen's Compensation Law. Assuming that claimant did violate sec-

tion 939 of the Penal Law, the Workmen's Compensation Law does not except from its benefits employees who have obtained employment in violation of this section. (*Matter of Kenny* v. *Union Ry. Co.*, 166 App. Div. 497; *Hart* v. *N. Y. C. & H. R. R. R. Co.*, 205 N. Y. 317; *City of New York* v. *Chelsea Jute Mills*, 88 N. Y. S. 1085; *People* v. *Taylor*, 192 N. Y. 398; *People* v. *Werner*, 174 N. Y. 132; *People* v. *West*, 106 N. Y. 293.) III. Increased or double compensation is not penal or of such a nature whereby the employer should be granted any special consideration, even assuming that equitable considerations were present. (*Bogartz* v. *Astor*, 293 N. Y. 563.) IV. The fact that there may have been deceit by an employee in obtaining employment does not defeat the right to double compensation. (*Matter of Braiter* v. *Addie Co.*, 256 App. Div. 882, 282 N. Y. 326; *Masullo* v. *Centaur Paper Mills Supply Corp.*, 264 App. Div. 979; *Bloomer Brewery* v. *Industrial Commission*, 239 Wis. 605.)

*Leonard Klaber* for respondent. I. Statutes relating to double indemnity are penal statutes, and as the employer was guilty of no fault, either of omission or commission, he should not be punished. (*Matter of Tesar* v. *National Ventilating Co.*, 227 App. Div. 333; *People ex rel. Price* v. *Sheffield Farms Co.*, 225 N. Y. 25.) II. Claimant committed a crime in obtaining the employment and should not be permitted to benefit by his own wrong. (Penal Law, § 939; *Matter of Sparks*, 172 Misc. 642; *Riggs* v. *Palmer*, 115 N. Y. 506.) III. The statutes are a shield for the protection of minors, but are not to be used as concealed weapons or for undue enrichment. (*Bogartz* v. *Astor*, 293 N. Y. 563.)

DESMOND, J. Claimant Leo Sacklowitz was injured while working, under the name of his older brother Jack Sacklowitz, for the employer-respondent. When applying for the job, claimant had presented a referral card issued to his brother by an employment agency, and, when asked by the employer for his social security number, had given the number of his brother. In fact, claimant was under, while his brother was over, eighteen years of age. The employment of one under eighteen years of age in respondent's factory was prohibited by sections 130 and 131 of the Labor Law. The Industrial

Board allowed claimant double compensation under section 14-a of the Workmen's Compensation Law. That section says that compensation " shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law * * * ". In another part of the section it is provided that an official age certificate issued by a superintendent of schools or by an employment certificating officer " shall be conclusive evidence for an employer that the minor has reached the age certified to therein * * * ". No such certificate was obtained here.

The Appellate Division reversed so much of the award as had doubled the amount otherwise recoverable, the majority of that court stating, among other things, that " Claimant obtained employment by aid of a false statement in writing as to his identity in violation of the Penal Law (§ 939)." (269 App. Div. 803.) The presiding justice, dissenting, noted that violations of the Labor Law are malum prohibitum (see, as to this, Penal Law, § 1275, also *People* v. *Taylor,* 192 N. Y. 398, 400, and *People ex rel. Price* v. *Sheffield Farms Co.,* 225 N. Y. 25). Claimant appeals to this court.

The well-understood purposes of the Workmen's Compensation Law compel the conclusion that the obligation imposed by section 14-a is absolute. Equally compelling is the particular history and special intent of that section. In *Bogartz* v. *Astor* (293 N. Y. 563), we held that the additional payment exacted by section 14-a is not a penalty but is, as the statute itself calls it, " increased compensation ". Imposed at a higher rate, it differs in amount, but not in character, from the lesser compensation awarded to injured adult workers. It is not, we made plain in *Bogartz* v. *Astor* (*supra,* p. 566), " a mere pecuniary punishment of the employer " nor is it " anything essentially different from the other monetary benefits secured by the statute to workmen and their dependents." In *Matter of Molnia* v. *Kaplan & Co.* (293 N. Y. 700), also, we held that section 14-a imposes no penalty, but simply grants compensation at a higher rate, and so held the Circuit Court of Appeals in the *Dearborn* case (*In re Dearborn Mfg. Corporation,* 92 F. 2d 417, certiorari denied *sub nom. Klipstein* v. *Davidowicz,*

303 U. S. 648), involving the same award affirmed in *Matter of Davidowicz* v. *Klipstein* (272 N. Y. 543). Since the recovery is workmen's compensation and nothing else, the award cannot be made to depend on the equities of a particular case (see *Matter of Graf* v. *Silver Creek Preserving Corp.*, 257 App. Div. 1090, leave to appeal denied, 282 N. Y. 809) nor can it be denied to a worker because of his fraud (*Matter of Kociolowicz* v. *Tonawanda Corrugated Box Co.*, 252 App. Div. 716, leave to appeal denied, 276 N. Y. 689). Workmen's compensation " is given without reservation and wholly regardless of any question of wrongdoing of any kind " (*Matter of Post* v. *Burger & Gohlke*, 216 N. Y. 544, 550). Despite the misrepresentations, the relationship of employer and employee existed between these parties (*Kenny* v. *Union Railway Co.*, 166 App. Div. 497; *Minneapolis, etc., R. Co.* v. *Borum*, 286 U. S. 447; *Hart* v. *N. Y. C. & H. R. R. R. Co.*, 205 N. Y. 317; see *Matter of Clarke* v. *Town of Russia*, 283 N. Y. 272, 274). To that relationship the law attached a duty to pay compensation and the law itself defines the measure of that compensation (*Matter of Smith* v. *Heine Boiler Co.*, 224 N. Y. 9, 12; see *Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199, 201; *Westchester L. Co.* v. *Westchester C. S. E. Corp.*, 278 N. Y. 175, 180). The act is complete in itself and the only exceptions permitted are those specially stated in section 10 (intoxication or willful injury). An injured worker may not waive, assign or compromise his compensation or subject it to the claims of his creditors (Workmen's Compensation Law, §§ 32, 33; *Matter of Cretella* v. *New York Dock Co.*, 289 N. Y. 594). All this, as Chief Judge CARDOZO wrote, follows from the legislative purpose that " the claimant is to be protected against his own improvidence or folly " (*Surace* v. *Danna*, 248 N. Y. 18, 22). The equitable doctrine of estoppel thus has no place at all in the law of workmen's compensation. Indeed, we, in effect, so held as recently as *Matter of Braiter* v. *Addie Co.* (282 N. Y. 326) and as long ago as *Matter of Cross* v. *General Motors Corp.* (249 N. Y. 522). Accordingly, to uphold the award in the present case, we need not consider the cases which say that " the doctrine of estoppel is rarely if ever applied to infants " (*International Text Book Co.* v. *Connelly*, 206 N. Y. 188, 196) or the cases which say that an infant " is not estopped from pleading his infancy by any

representation as to his age made by him. to induce another person to contract with him " (*Sternlieb* v. *Normandie Nat. Sec. Corp.*, 263 N. Y. 245, 247).

The history of section 14-a confirms the view that misrepresentations as to age or identity, made to obtain employment, do not affect the result at all. Before there was a Workmen's Compensation Law, a master sued by an injured infant worker whom he had employed in violation of the Labor Law, could be held liable for failing to exercise due care in ascertaining the facts as to the worker's age (*Koester* v. *Rochester Candy Works*, 194 N. Y. 92). This court held that " estoppel " had nothing to do with the matter (p. 96). The gist of the liability there enforced was negligence and there was no negligence if the employer had made proper inquiries. The first workmen's compensation statutes had no section 14-a and made no specific provision for awards of workmen's compensation to injured infants whose employment violated the Labor Law. When, after the enactment of the Workmen's Compensation Law, such an infant attempted to bring a negligence action against his employer, the courts dismissed it, holding that the exclusive liability provision of section 11 of the Workmen's Compensation Law forbade the prosecution of the suit (*Noreen* v. *Vogel & Bros., Inc.*, 231 N. Y. 317). The express ground of that decision was that the relation of employer and employee existed between them, " irrespective of the fact that the plaintiff secured employment by misrepresentation as to his age and that defendant omitted the exercise of due diligence to ascertain his age " (p. 322). Legal or illegal, employment and subsequent injury brought the case under the Workmen's Compensation Law and neither the worker's misrepresentations nor the master's carelessness in discovering them barred an award. Two years after the *Noreen* decision the Legislature enacted section 14-a. Undoubtedly the Legislature was following a recommendation contained in the second report of the " New York State Commission to Examine Laws Relating to Child Welfare " (Legislative Document No. 111 of 1923). That report cited figures gathered by the State Labor Department which showed numerous seriously disabling accidents involving young children illegally employed. The commission pointed out that a provision for double compensation

would bring the compensation award to such a claimant nearer in amount to what the child could formerly have recovered in an action, and that it was unfair to take away the valuable special rights which had been available to such a worker prior to the passage of the act (citing *Karpeles* v. *Heine,* 227 N. Y. 74), and give him in return only compensation measured by a percentage of his small wages. The report further pointed out that, under the proposed double-compensation statute, employers could readily protect themselves by getting employment certificates. All this, we think, makes it entirely clear that the statute's mandate for double compensation is absolute, where, as here, no employment certificate has been obtained by the employer. If the Legislature had intended to except such a situation as is presented by this case, it could have said so (see *Bloomer Brewery, Inc.,* v. *Industrial Comm.,* 239 Wis. 605, enforcing the Wisconsin triple-damage statute after which ours was modelled). It may be, as the Appellate Division majority said, that claimant's use of a false writing to obtain employment, was a violation of section 939 of the Penal Law. Nonetheless, " the Workmen's Compensation Law does not except from its benefits employees who have obtained employment in violation of this provision of the Penal Law " (*Kenny* v. *Union Railway Co., supra,* 166 App. Div. at p. 501).

The order of the Appellate Division should be reversed and the award reinstated, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER and DYE, JJ., concur.

Ordered accordingly.