In the Matter of the Claim of JAMES NEWTON, Respondent, against SPEAR & COMPANY, Appellant, and AMERICAN MUTUAL LIABILITY INSURANCE Co., Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, May 8, 1946.

*Harry J. Stein* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Palansky* and *Roy Wiedersum, Assistant Attorneys-General,* of counsel), for the Workmen's Compensation Board.

MEMORANDUM BY THE COURT. The awards appealed from were for double compensation under section 14-a of the Workmen's Compensation Law. Claimant was accidentally injured while operating a freight elevator, the maximum speed of which was 144 feet per minute. He was then seventeen and one-half years of age. The violation of law which has been found was as to rule 408 of Industrial Code Bulletin No. 8 which forbade such employment by one under eighteen, although the statute did not do so, in that it only so interdicted as to a male person between sixteen and eighteen in the case of an elevator having a maximum speed of 200 feet per minute. Employer-appellant contests only the double feature of the awards, asserting rule 408 to be invalid, as an exercise of a nondelegable legislative power. We do not consider that we are precluded from an inquiry into the constitutional question involved by the provisions of the Labor Law which establish procedure for the presentation of such question. (Labor Law, §§ 110, 111, 112.)

In its specifications of prohibited employment in elevator operation, as regards age and sex, the statute has excluded male persons between sixteen and eighteen years of age in a precisely stated instance — dependent upon the speed of the elevator — but has allowed its agency to further prohibit other such employment if upon investigation it be deemed that such occupation is dangerous to minors under eighteen. (Labor Law, § 146, subds. 4, 5, 11.) The matter thus left open to the agency is such a mere detail within the established design and declared policy of, and standards set by, the general statute, and the nature of the matter is so fitting to specialized administration, attention, regulation and control, that we think we may say that the delegation is lawful. (*Acme Steel and Malleable Iron Works, Inc.,* v. *Dept. of Labor,* 228 App. Div. 756, affd. 255 N. Y. 555; *Mutual Film Corp.* v. *Ohio Indus'l. Comm.,* 236 U. S. 230.)

Decision and awards affirmed, with costs to the Workmen's Compensation Board.

HILL, P. J. (dissenting). The statute (Labor Law, § 146, subd. 4) enacts that no male under eighteen years of age shall be employed to have the care, custody or operation of an elevator running at a speed of over 200 feet a minute. The same section (subd. 11) enacts, " In addition to the cases provided for in the foregoing subdivisions, the board " may make further rules concerning the employment of minors under eighteen years of age in any process or method which it is determined is dangerous or injurious to health. " Cases " as used in the beginning of subdivision 11, is synonymous with " instance, occasion, situation or circumstances ". (*Southwick* v. *Southwick*, 49 N. Y. 510; 14 C. J. S., Case, p. 1.) Thus, the conditions under which the board may make rules are on occasions, in situations or circumstances not treated by the earlier subdivisions of section 146 of the Labor Law. Subdivision 4 of the section under discussion, by forbidding the use of an elevator running more than 200 feet a minute by a male under eighteen years of age, by implication grants leave to employ a male of that age to operate an elevator running at a speed less than 200 feet a minute. Undoubtedly the Legislature may grant authority to make rules, but the board in this instance has sought by a rule to repeal a portion of the section which the Legislature enacted.

I favor a reversal.

HEFFERNAN, BREWSTER, FOSTER and LAWRENCE, JJ., concur in decision; HILL, P. J., dissents, in a memorandum.

Decision and awards affirmed, with costs to the Workmen's Compensation Board.