Fosteb, ■ J.
This is an appeal by claimant from a decision of the former State Industrial Board which rescinded an award for double compensation, and held that there was no violation of the Labor Law at the time of the accident.
There is no dispute about the facts. Appellant was employed as a factory worker. The employer was engaged in the business of manufacturing screw machine parts. At the time of the accident appellant was a minor, over the age of sixteen and under the age of eighteen years. He had an employment certificate which had been furnished to the employer. There is no claim that the latter had not complied with the rules and regulations of the Industrial Board, and the employment was not one prohibited by section 146 of the Labor Law. The sole *575 violation charged is that claimant was permitted to work in two weeks out of seven more than forty-eight hours. Section 171 of the Labor Law provides: “1. No male between sixteen and eighteen years of age shall be employed in a factory * * e : a. More than six days or forty-eight hours in any week * *
The accident which caused appellant’s injury occurred on July 7, 1943. Neither in the course of the week during which the accident happened, nor in the course of the prior week, did appellant work more than forty-eight hours. The excess in work hours occurred two weeks before the date of the injury. The Industrial Board held on the foregoing facts that there was no violation of the Labor Law at the time of the accident within the meaning of the Workmen’s Compensation Law.
We agree with this administrative interpretation and determination. Subdivision 1 of section 14-a of the Workmen’s Compensation Luav provides: “ Compensation " * * as provided in this article shall be double the amount otherwise payable if the injured employee at the time, of the accident is a minor under eighteen years of age employed, permitted or suffered to Avork in violation of any provision of the labor laAV * 0 (Emphasis supplied.) Appellant argues that his employment must be considered as a whole, and that a violation of the Labor LaAV at any time during its course, and prior to his injury, entitles him to double compensation. If the basic character of his employment was illegal from its inception, or his work Avas in continuous violation of the Labor Law, his argument would be undoubtedly sound and in conformity with precedent. (Matter of Cross v. General Motors Corp., 249 N. Y. 522; Matter of Sackolwitz v. Hamburg & Co., 295 N. Y. 264; Matter of Kociolowicz v. Tonawanda Corrugated Box Co., 252 App. Div 716.) But such is not the case here, and the pointed language of the statute, i.e., “ at the time of the accident ” may not be changed by judicial construction to read, “ at any time during the course of the employment.” It is true of course that the purpose of both statutes is to prevent the employment of minors under certain conditions, but unless there is continuous violation which relates to the employment as a Avhole there must be a reasonable method of relating a violation to the time of injury for the purpose of applying double compensation under the Workmen’s Compensation LaAV. As Ave have indicated such a method is provided by clear language that may not be disregarded.
The decision should be affirmed, without costs.
Hill, P. J., Heffernan, Brewster and Lawrence, JJ., concur,
Decision affirmed, without costs.