In the Matter of the Claim of HENRY L. SACRIPANTE, Respondent, against UNITED METAL SPINNING Co., INC., Appellant, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued June 3, 1949; decided July 19, 1949.

*Abraham Markhoff* for appellant. The award for double indemnity made against the employer is improper. (*Matter of Tesar* v. *National Ventilating Co.*, 227 App. Div. 333; *Lowry* v. *Anderson Co.*, 96 App. Div. 465; *Matter of Hall* v. *Chatham Elec. Light, Heat & Power Co.*, 220 App. Div. 18, 246 N. Y. 544.)

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. The award for double compensation against the employer was proper. (*Matter of Klotz* v. *Gluckstern's Restaurant,* 271 App. Div. 941; *Matter of Miller* v. *Saratoga Onega Bottling Co.,* 271 App. Div. 941; *Matter of Sackolwitz* v. *Hamburg & Co.,* 295 N. Y. 264; *Matter of Molnia* v. *Kaplan & Co.,* 293 N. Y. 700; *Matter of Braiter* v. *Addie Co.,* 282 N. Y. 326; *Matter of Davidowicz* v. *Klipstein,* 272 N. Y. 543; *Matter of Kociolowicz* v. *Tonawanda Corrugated Box Co.,* 252 App. Div. 716, 276 N. Y. 689; *Matter of Joseph* v. *Sterilek Co.,* 285 N. Y. 796; *Matter of Golisano* v. *Hart's Food Stores,* 270 App. Div. 961.)

BROMLEY, J. On May 2, 1944, claimant, then a minor sixteen years of age, was injured while operating a metal stamping machine a few hours after he had commenced the employment for which he had received an employment certificate from the board of education. The employment certificate had been duly filed in the employer's office before claimant commenced work. The machine which he operated was guarded and its operation required no particular skill.

The Workmen's Compensation Board awarded claimant compensation for a permanent injury and ordered the employer to pay a like amount as additional compensation under section 14-a of the Workmen's Compensation Law. The employer alone appeals from the ruling of the board.

Section 14-a of the Workmen's Compensation Law provides that compensation shall be double in amount " if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law or in violation of any rule heretofore or hereafter adopted by the board of standards and appeals ", and the employer alone is made liable for the increased compensation. The board applied section 14-a

since it held the employer had violated the Labor Law by an inadequate description of the character of the employment in the pledge of employment, by failure to mail to the board of education notice of the beginning of employment, and by failure to return the employment certificate to the board of education together with notice of termination of employment.

We are called upon to decide (1) whether the description in the pledge of employment was inadequate and rendered the employment certificate void; (2) whether the failure to fulfill the notice requirements of the statute constitutes a violation of the Labor Law so as to impose liability under section 14-a.

Minors between sixteen and eighteen years of age may not be employed unless " a standard employment certificate  *  *  * issued in accordance with the provisions of the education law is kept on file in the office of the employer " (Labor Law, § 131), and the employer is charged with the duty of filing the employment certificate before employment begins (Labor Law, § 132). The procedure for obtaining an employment certificate is found in the Education Law. A certificate may be issued by the superintendent of schools through duly designated certificating officers " only in case  *  *  * the nature of the employment as set forth in the pledge of employment conform[s] to the provisions of the labor law " (Education Law, § 3217). The pledge of employment must be executed by the prospective employer and must show his name, the minor's name, the days and hours of prospective employment and the character of the employment (Education Law, § 3224), and it must be approved and filed by the certificating officer, along with birth, health and school records, before an employment certificate is issued (Education Law, § 3217).

In the instant case, the employer executed a pledge of employment describing claimant's prospective employment as that of helper to do light factory work and the employment certificate was issued by the certificating officer. In hearings before the referee, a representative of the board of education testified that, had the pledge of employment made clear that claimant would be put to work on a power-driven machine, further investigation would have been made before the employment certificate was issued.

The Labor Law does not prohibit the employment of minors over sixteen in the operation of power-driven machines and the Board of Standards and Appeals has made no rules prohibiting such employment. The description in the pledge of employment would seem to cover the operation of a simple machine requiring no skill to operate and there is no indication that the phrase " light factory work " had a special meaning to the board of education and that its use to describe generally the duties which claimant was to perform was misleading.

It cannot be said that the employer's use of general terms constituted a false statement or that the employment of claimant at the machine in question was prohibited merely because the board of education would have referred the case to an investigating officer if the pledge of employment had disclosed that claimant would be employed to operate a machine. If, after a minor has begun to work, an investigation discloses that the work undertaken is dangerous to his health, a certificating officer has the power to revoke the employment certificate (Education Law, § 3226). But the power to revoke does not imply that a certificate, properly issued upon a description of employment acceptable to the certificating officer, is void. Where approval is given without a precise description of the work to be performed by the minor, the employment certificate is not invalid. There was no finding by the board that the employer willfully used language inadequately describing claimant's duties in order to mislead the board of education and obtain an employment certificate which might not otherwise have been granted. We conclude that the pledge of employment was not defective and that the employment certificate was validly issued.

The employer violated the Labor Law by failing to discharge the duty imposed by section 132. We conclude, however, that the failure to mail notices of the beginning and end of employment and the failure to return the employment certificate to the board of education in the circumstances of this case do not constitute violations of the Labor Law contemplated by section 14-a of the Workmen's Compensation Law. (See *Matter of Hall* v. *Chatham Elec. Light, Heat & Power Co.,* 220 App. Div. 18, 20, affd. 246 N. Y. 544.) The employee was not " permitted

\* \* \* to work '' in violation of any provision of the Labor Law, within the meaning of section 14-a.

The purpose of section 14-a is to award adequate compensation to a minor employee (*Bogartz* v. *Astor,* 293 N. Y. 563), but its purpose is also to insure that an employer will not hire a minor without the knowledge of the board of education and its assent thereto as manifested by the employment certificate. This is evident from the fact that the employer alone is liable for the additional compensation, and any insurance taken out to cover this liability is void. In recent cases wherein awards of double compensation were sustained, the minor was employed without an employment certificate (*Matter of Molnia* v. *Kaplan & Co.,* 293 N. Y. 700; *Matter of Sackolwitz* v. *Hamburg & Co.,* 295 N. Y. 264; and, cf., *Matter of Alino* v. *French Bottling Works,* 299 N. Y. 781). Where the employer received an employment certificate duly issued by the board of education prior to employment of the minor and did not thereafter employ him at work prohibited by the statute, no liability rests upon the employer under section 14-a of the Workmen's Compensation Law.

The order of the Appellate Division should be reversed and the award of the Workmen's Compensation Board annulled, with costs to the appellant in this court and in the Appellate Division against the Workmen's Compensation Board.

CONWAY, J. (dissenting). I dissent and vote to affirm on the ground that there is evidence in the record to support the board's finding that the Labor Law was violated in that the services of claimant were obtained without full disclosure by the employer of the specific type of work in which he was to be engaged, viz., operation of an electrically driven, metal stamping power press.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE and FULD, JJ., concur with BROMLEY, J.; CONWAY, J., dissents in memorandum.

Order reversed, etc.