Deyo, J.
The employer appeals from an award of double compensation under section 14-a of the Workmen’s Compensation Law. This section provides for such an award if the injured employee is a minor under eighteen years of age and is “ employed, permitted or suffered to work in violation of any provision of the labor law or in violation of any rule heretofore or hereafter adopted by the board of standards and appeals ”. The employee in question, who was sixteen years of age at the time, was employed under a vacation permit as a “ stock clerk ’ ’, and was injured while lowering a manually operated lift or hoist designed to move goods from the sidewalk level to the basement of appellant’s store. The board has found that such employment was in violation of rule 408 of the Buies of the Board of Standards and Appeals, which provides that no person less than eighteen years of age shall operate a “ freight elevator ” and that he was further illegally employed in violation of subdivision 1 of section 131 of the Labor Law, in that the work which he was doing was not that of a “ stock clerk ”, as recited in his vacation permit.
As to the first finding, we are of the opinion that rule 408 was not involved at all and hence, could not have been violated. The rules of the Board of Standards and Appeals relating to elevators, etc., as set forth in Industrial Code Bulletin No. 8 (3 N. Y. Official Compilation of Codes, Rules & Regulations, p. 68 et seq.), are divided into two parts. Part I, wherein is contained rule 408, is specifically limited and applies only to power-driven mechanisms. The device herein involved was not of that type and in fact, was nothing more than a hoist or lift operated manually by a crank on the basement wall and hence, quite obviously, we think, did not come within the scope of part I of the rules, but rather, is governed by part II thereof, which is devoted and relates to the operation of hand-power devices and which contains no prohibition against operation by persons under eighteen. Furthermore, the device with which we are concerned was not even a “ freight elevator ” as defined, by rule 400. That definition presupposes by its terms a device upon which the operator may ride, which obviously eliminates the subject mechanism from its scope. The hoist or lift presently involved is perfectly described by subdivision h of rule 470 as a “hand power sidewalk elevator,” concerning the operation of which there appears to be no restrictions.
*447 The second ground upon which double compensation is based is that the operation of this sidewalk elevator did not come within the employment generally described in the vacation work permit as “ stock clerk ” and hence, that claimant was employed without a valid permit in violation of subdivision 1 of section 131 of the Labor Law. We cannot agree with this conclusion. Subdivision 1 of section 131 of the Labor Law prohibits the employment of children between sixteen and eighteen years of age, unless a permit has been issued, etc. Such a permit was issued in the case at bar, in which the employment was described as ‘ ‘ stock clerk ”. We are not referred to any statute or to any rule or regulation which describes, limits or defines the duties of a stock clerk, much less interdicts therefrom the operation of a device such as we are presently concerned with. The statement of the employer that claimant’s duties were to keep the salesgirls supplied with merchandise and that he had been told not to operate the elevator does not, in our opinion, exclude such operation from the scope of such duties. In the absence of any definition or standard, it seems to us that the operation of a hand hoist for moving goods comes within the duties of a “ stock clerk ”, as the term is generally understood. More important, however, is the fact that such operation is not prohibited for a boy of claimant’s age either by statute or by rule. Section 14-a of the Workmen’s Compensation Law directs double compensation only where a statute or a rule has been violated. Where there has been no violation double compensation may not be awarded. (Matter of Tesar v. National Ventilating Co., 227 App. Div. 333.)
Matter of Sacripante v. United Metal Spinning Co. (299 N. Y. 419) is directly in point and is conclusive on this aspect of the case. There, a sixteen-year-old boy was injured while operating a power stamping machine. His employment permit defined his employment as that of a “ helper ”, doing light factory work. There was evidence, not present in the instant case, that had the certifying officer known plaintiff was to operate a power-driven machine, he would not have issued the permit, at least not without further investigation. The court annulled an award of double compensation, pointing out that neither statute nor rule prohibited the employment of minors over sixteen in the operation of power-driven stamping machines, and that although the certifying officer might have revoked the permit, if the work assigned appeared to be dangerous, such power to revoke did not render the permit void. The court (Bromley, J.) said at page 423: “Where approval is given without a *448 precise description of the work to he performed by the minor, the employment certificate is not invalid.” And again at page 424: “ Where the employer received an employment certificate duly issued by the board of education prior to employment of the minor and did not thereafter employ him at work prohibited by the statute, no liability rests upon the employer under section 14-a of the Workmen’s Compensation Law.” Matter of Newton v. Spear & Co. (270 App. Div. 667, affd. 296 N. Y. 918), cited by respondent, is not in point, since in that case the minor was injured while operating a power-driven freight elevator in violation of rule 408 of the Rules of the Board of Standards and Appeals. It is interesting to note, however, that although the work permit therein involved was also for a stock clerk, the decision does not even suggest that operating an elevator though power driven, might be outside the scope of such employment. Neither is the decision in Matter of Klotz v. Gluckstern’s Restaurant (271 App. Div. 941), also relied upon by the respondent, of any assistance since there, in addition to a direct violation of the Labor Law, a specific pledge of employment was openly violated. Neither of these essential elements is present in the case at bar and in. fact, no pledge of employment whatsoever appears in this record.
The other cases cited by respondent have to do with situations where there was no employment permit at all, or where the permit was false or improper, or where violations of statutes were present.
The award for double compensation as against the employer should be reversed on the law and the claim therefor dismissed, with costs against the Workmen’s Compensation Board.
Foster, P. J., Brewster and Bergan, JJ., concur; Heffernan, J., dissents in the following memorandum: I dissent and vote to affirm the award. In this case the claimant was sixteen years of age at the time of his injury. The vacation permit issued to him was for employment asa“ stock clerk ’ ’. He was injured while operating a freight elevator. This elevator was operated by turning an iron handle which was attached to gears. Certainly the ordinary duties of a stock clerk do not contemplate the operation of an elevator.
Award for double compensation as against the employer reversed on the law and the claim dismissed, with costs against the Workmen’s Compensation Board,