Appeal by employer and its insurance carrier from an award of death benefits made by the Workmen’s Compensation Board to the" mother and two minor sisters of a deceased employee. Appeal by the employer alone from an award of death benefits in the same amount made against it for a violation of the Labor Law and under section 14-a of the Workmen’s Compensation Law. Relative to the issue of an accidental injury there were facts and circumstances established which the board could find as sufficient to corroborate the hearsay declarations of the decedent as to the happening of an accident. The probability of causal relation was established by medical testimony. With these issues of fact we may not interfere. Nor do we think the board exceeded its discretionary power under subdivision 5 of section 14 of the Workmen’s Compensation Law, in fixing a rate of $32 a week, that being the maximum which decedent might have received from an increase in wages under normal conditions. There was no defense to the charge that decedent, as a minor, was illegally employed, except that she misrepresented her age, which was not sufficient to bar double indemnity (Matter of Sackolwitz v. Hamburg & Co., 295 N. Y. 264). However, as to the issue of dependency, a most important issue in the claim, we are unable to find that the board proceeded upon a theory that had substantial evidence to sustain it. The resumé of family income and expenses contained in its memorandum decision certainly does not indicate dependency. We must assume that the board’s formal findings, couched in general language, reflect the details *1067 of its memorandum decision. Affirmance here may not be based upon the possibility that the board could have found dependency upon some other theory. Awards reversed on the law, with one bill of costs against the Workmen’s Compensation Board to be divided equally between the appellants, and matter remitted to the Workmen’s Compensation Board for further consideration. Foster, P. J., Heffernan, Brewster, Deyo and Bergan, JJ., concur. [See 278 App. Div. 876.]