In the Matter of the Claim of WILLIAM CARNEY, Respondent, against WILLIAMS PRESS, INC., Appellant, and STATE INSURANCE FUND, Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 17, 1952.

*Arthur E. McCormick, John T. DeGraff* and *William F. Conway* for appellant.

*Bernard Katzen* for State Insurance Fund, respondent.

*Feeney and Ford* for claimant-respondent.

*Nathanial L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

BREWSTER, J.  Claimant suffered compensable injuries which arose out of and in the course of his employment by appellant at a time when he was sixteen years of age.  The appeal tenders only the issue as to the propriety and legality of the increased compensation which has been awarded to him under section 14-a of the Workmen's Compensation Law upon the ground that at the time of the accident he "was illegally employed in violation of Section 131 and Section 132 of the Labor Law."  The facts which present the issue are not in dispute.  Claimant had duly and lawfully obtained a valid " standard employment certificate " which authorized his employment by the appellant in the work wherein he was injured and this he delivered to its clerk who, in the vacation absence of the one customarily in charge of such matters, was then charged with the duty of receiving and further attending to it at the office where claimant was to be employed.  This was in the forenoon of Monday, June 27, 1949, the day claimant began work.  His accident occurred on the following Friday, July 1st.  After delivering the certificate to appellant's clerk, she looked at it and then handed it back to claimant with instructions to go to the floor above for a physical examination.  She did not require him to re-sign it in her presence, and it was not returned to appellant's office, but from there on it continued in claimant's possession to the time of his accident four days later, during which time no notice

of the commencement of claimant's employment was forwarded to the officer who had issued it. Thus the appellant's omissions of compliance with the provisions of the Labor Law were: in not having kept the certificate on file in its office; in not having required claimant to again sign it and in not having notified the certificating officer of the employment upon its commencement. (Labor Law, §§ 131, 132.) It is conceded that all these failures were due to inadvertence on the part of a somewhat inexperienced clerk temporarily in charge of the matter, and that they were wholly unintentional. The question is whether, under the circumstances shown, appellant may be said to have " employed, permitted or suffered " claimant " to work in violation of any provision of the labor law ", within the intended reach and meaning of section 14-a of the Workmen's Compensation Law.

Basically the infant claimant's right to the increased compensation is grounded upon a violation of his statutorily prohibited employment per se and not upon an omission of a compliance with the statutory requirements in the regulatory procedures designed to enforce the prohibition. Here, the claim is not based upon such a fundamental ground, for the employment itself had been duly authorized. Instead, it is founded upon an omission to comply with the statute's aforesaid procedural requirements which are designed for the enforcement of the underlying public purposes of the enactment (Labor Law, art. 4) and the achievement of its objective. The requirement that the employer alone and no insurance carrier shall be liable for the increased compensation seems indicative that the minor's entitlement to it is primarily based upon his being employed in violation of the general object and purpose sought by the exercise of the police power in the enactment of said statute.

We do not minimize the importance of the procedural requirements here involved. A reasonably punctilious compliance with them is essential to the enforcement of the statute. Neither are we unmindful of the determinations that the doubled award is to compensate for the injuries and not to penalize the employer for a violation of the law, that the right thereto is absolute when within the letter and spirit of the provisions therefor, and that it is given regardless of the equities of the case or any question of wrongdoing. (*Matter of Sackolwitz* v. *Hamburg & Co.*, 295 N. Y. 264; *Matter of Baumgardner* v. *East Coast Valve & Fitting Co.*, 275 App. Div. 879; *Matter of Braiter* v. *Addie Co.*, 282 N. Y. 326; *Matter of Miller* v. *Saratoga Onega Bottling Co.*, 271 App. Div. 941.)

But not every violation of the Labor Law which consists of a noncompliance with its procedural requirements in regulating a duly permitted employment of minors authorizes the increased compensation under the Workmen's Compensation Law. It was so held in *Matter of Sacripante* v. *United Metal Spinning Co.* (299 N. Y. 419) where the employer had failed to mail the notices of the commencement and end of the employment. Such a violation of the Labor Law was held not to be within those referred to in the other statute. (Workmen's Compensation Law, § 14-a.) Here the violations were technical, consisting as they did of a mere noncompliance with certain procedural requirements. They occurred inadvertently and fortuitously. The oversight and omissions which caused them were so brief in duration as not to set them into any sort of a routine establishment so far as the practices of the employer were concerned. The elements of the statutory violations which could merit the right to the increased compensation were in existence but not fully so or in operation. They were inchoate. A practical view of the matter is permissible. (*Matter of Sacripante* v. *United Metal Spinning Co., supra.*) The chief gravamen of the matter here seems to have been the inadvertence which caused the certificate to return to claimant's possession rather than to remain in the employer's files during the four-day period. For aught that appears the mistake would have been corrected in due course in a reasonably short time. We conclude that the omissions in question under the circumstances disclosed do not justify the additional award.

Decision and award, insofar as appealed from, should be reversed, with costs against the Workmen's Compensation Board.

Foster, P. J., Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

Decision and award, insofar as appealed from, reversed on the law, with costs against the Workmen's Compensation Board.