■ In the Matter of the Claim of ROBERT LANDRUM, Respondent, against EMPIRE CARRIERS CORPORATION, Appellant, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer from an award made against it for double compensation under section 14-a of the Workmen's Compensation Law, on the ground that at the time of the accident claimant was under 18 years of age and that the employer did not have on file a standard employment certificate, as required by section 131 of the Labor Law. It is conceded that the claimant was in fact under 18 at the time of the accident but the employer argues that it had a right to

rely upon a selective service registration card presented by the claimant, which showed that claimant was over 18 years of age. Subdivision 3 of section 14-a of the Workmen's Compensation Law provides that an employer may accept a certificate of age from the superintendent of schools or an employment certificating officer as conclusive evidence that an employee is over 18 years of age but a selective service registration card is not a certificate of age within the provisions of the statute. Misrepresentations by the employee and the good faith of the employer do not excuse an employer from liability, if, in fact, the employee is under 18 years of age (*Matter of Sackolwitz* v. *Hamburg & Co.*, 295 N. Y. 264). The employer also argues that the board erred in reopening the case to consider the claim for double compensation after it had awarded single compensation and closed the case. It contends that because the claimant and his attorney at the original hearings stated that the claimant had been over 18 at the time of the accident, it was dissuaded from conducting its own defense of the claim and left the defense to its insurance carrier. However, when the case was reopened for consideration of double compensation, the employer did not request the board to reopen the 'earlier determination. The board has continuing jurisdiction of all matters before it (Workmen's Compensation Law, § 123) and the board did not exceed the limits of its discretion in reopening the case. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J. Bergan, Halpern, Zeller and Gibson, JJ.