Domenick L. Gabrielli, J.
Upon this application, it appears that Calvin E. Beaney sustained injuries in a two-vehicle automobile accident which resulted in his death. He left bim surviving, his widow, 26 years of age and an infant son, 6 years of age.
It further appears that at the time of the occurrence, the decedent was in the course of his employment and certain awards have been made for the benefit of the widow and infant son under workmen’s compensation.
*976 A third-party action was brought by the administratrix against the owner and operator of the second vehicle involved. It is undisputed that the total liability insurance upon this vehicle was in the amount of $20,000. Sometime after the commencement of this action, it was settled, subject to the approval of this court, for the sum of $20,000, and, in the course of negotiating this settlement, the Nationwide Mutual Insurance Company (hereinafter called Nationwide) refused and still refuses to grant its consent to the settlement of this action.
The present application was brought on by an order to show cause which provided that notice of the application be given to the general guardian of the infant and to Nationwide. This company chose to be represented by counsel upon the return of the order to show cause, but filed an affidavit of its attorney to the effect that it was appearing specially and was “ not participating in any fashion in this proceeding for the approval and confirmation of the settlement ’ ’. Regardless of this fact, the company is a party to this proceeding.
It is undisputed that the operator of the second car which caused the injury and death was convicted of the charge of criminal negligence and is now under a suspended sentence of from two to five years, resulting from this accident; that he is judgment-proof and that the resources of the owner of this vehicle do not provide any means for the collection of any judgment the petitioner might obtain in any amount exceeding the $20,000 insurance coverage on her vehicle. The only possible amount obtainable in this third-party action by this petitioner is the amount of this policy. The amount of the proposed settlement is for the full amount of the policy of insurance issued upon this second vehicle.
It is undisputed that Nationwide has steadfastly refused not only its consent to this settlement, but has refused to accept an assignment of the cause of action and, in addition, has refused to present a statement to the petitioner of its liens in these proceedings; and it further appears that repeated requests for these have been refused. Nationwide has flatly refused to become subrogated to the rights of the infant, and in the posture of these proceedings, this court is powerless to compel it to so do.
The widow has concededly and expressly waived her right to future compensation by accepting this settlement. The sole remaining question is whether the future interests of the infant son in workmen’s compensation benefits shall be affected by this settlement.
*977 The court is of the opinion that in the light of these glaring circumstances, the rights of the infant are not and cannot be waived.
Subdivision 5 of section 29 of the Workmen’s Compensation Law provides that: “5. In case of the payment of an award to the commissioner of taxation and finance in accordance with subdivisions eight and nine of section fifteen and in accordance with section twenty-five-a such payment shall operate to give to the employer or insurance carrier liable for the award a cause of action for the amount of such payment together with the reasonable funeral expenses and the expense of medical treatment which shall be in addition to any cause of action by the legal representatives of the deceased. Such a cause of action assigned to the state may be prosecuted or compromised in the name of the state insurance fund by the commissioners of the state insurance fund. A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commissioners of the state insurance fund or such officer thereof designated by them, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same.” (Italics added.)
It is the avowed purpose of this section to require the consent of the compensation carrier to a settlement with a third party in order that the rights of the carrier would be protected from beng carelessly and unwisely disposed of upon a settlement. (O’Brien v. Lodi, 246 N. Y. 46.) In what manner — to what extent — how much better could the petitioner herein have obtained a better settlement? From what source could this petitioner have obtained any further or greater settlement than is here being received?
It is likewise clear that the object of this section (Workmen’s Compensation Law, § 29, subd. 5) was not to place claimants in a strait jacket in which they became irretrievably smothered. The petitioner has repeatedly offered to assign all rights in the third-party action to the compensation carrier, but to no avail. This same section does not permit the carrier to both refuse assignments and then to inexplicably deny and refuse its consent to settlement. (Matter of Mayrhofer v. Texteel Wire Strip Co., 273 App. Div. 934.)
Upon all the facts here shown, there is absolutely nothing further this petitioner could have done to obtain any larger sum or sums in settlement of the third-party claim. To attempt *978 to hide behind the skirts of this section is tantamount to an attempt to deprive the infant of his legal rights, and such action under these circumstances, pregnant with equities in favor of this infant, demand relief in favor of the infant.
Justice mandates that the future interest and rights of the infant cannot be waived. Logic, equity and fairness dictate that upon the facts here present, the administratrix is not waiving, nor can she waive, these interests. (Matter of Gruhn v. Miller Brown, Inc., 275 App. Div. 975; Matter of Russell v. 231 Lexington Ave. Corp., 236 App. Div. 177.)
Upon all the papers and proceedings, an order may be submitted which shall provide for: (1) The approval and confirmation of the settlement of the third-party action for $20,000; (2) the payment of reasonable attorneys’ fees which are hereby fixed at $5,000, plus disbursements of $49.75; (3) the payment of funeral expenses in the sum of $1,683.10; (4) the payment of the legal commissions of the administratrix; (5) the distribution of the balance of the net proceeds in the following proportion and ratio, to wit: unto the widow 66%% thereof, and unto the infant son, 33%% thereof; and (6) a provision that the settlement upon the foregoing basis in no way affects the payment of future compensation benefits to the infant.