■ In the Matter of the Claim of ROBERT E. MASUCCI, Respondent, v. CONFORTI & EISELE, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by employer from a decision of the Workmen's Compensation Board, filed June 22, 1966, which awarded double compensation pursuant to section 14-a of the Workmen's Compensation Law. Claimant was injured on September 8, 1965 when metal doors fell on him while he was working for appellant. It is conceded that at the time of the accident claimant was under the age of 18 years and appellant failed to require or have on file an employment certificate. This was a violation of sections 132 and 135 (formerly §§ 130, 131) of the Labor Law. Appellant contends that section 14-a is unconstitutional on two grounds: (1) that subdivision 2 prohibiting appellant from obtaining insurance to indemnify itself against this double liability discriminates against corporate employers and (2) that it is a penal statute and violates due process by failing to specifically set the penalty. It is well settled that the double recovery imposed by section 14-a is compensation, is not penal and is a valid exercise of the Legislature's power to enact workmen's compensation laws (*Matter of Sackolwitz* v. *Hamburg & Co.,* 295 N. Y. 264). Further, the statute applies to all employers, including corporations, and the contention that preventing the procurement of insurance by an employer against this possible liability is unconstitutional was rejected upon the argument in *Matter of Russell* v. *231 Lexington Ave. Corp.* (236 App. Div. 177). There was in the instant case a failure to have and keep on file an employment certificate by the employer and this warrants the award of double compensation (*Matter of Alino* v. *French Bottling Works,* 299 N. Y. 781). This violation was not merely ministerial (cf. *Matter of Sacripante* v. *United Metal Spinning Co.,* 299 N. Y. 419 and *Matter of Carney* v. *Williams Press,* 280 App. Div. 634). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum decision by Aulisi, J.