■ In the Matter of the Claim of RICHARD A. SALVIO, Appellant, v. ABERCROMBIE & FITCH CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 4, 1971. The board found that claimant's employment was legal and, therefore, he was not entitled to double compensation under section 14-a of the Workmen's Compensation Law. Appellant, then age 16, was injured while employed full time. His claim of illegal employment is based upon an alleged failure of the employer to comply with the statutory requirements with regard to presentation and filing of a certificate of employment in violation of sections 132 and 135 of the Labor Law. Although the record contains a letter from appellant's school denying the issuance of an employment certificate, a copy of a "Certificate of Eligibility for Employment" issued in appellant's name was received in evidence. This was an acceptable substitute for an employment certificate under the law as then in effect (Education Law, § 3215, subd. 4, par. g). The employer testified that appellant was not hired until the required papers were produced, and appellant conceded that he

had obtained "working papers". On this evidence, the board could find that proper authorization had been presented to the employer. The employer's failure to keep the certificate in its office was merely a ministerial irregularity which does not render appellant's employment illegal (*Matter of Carney* v. *Williams Press*, 280 App. Div. 634). Since appellant was 16 years of age and therefore not required to attend school, if employed (Education Law, § 3205, subd. 3), it is apparent that, as to such minors, the various provisions of the Education Law and Labor Law were not designed to operate as controls against truancy. The purpose of the statutes is to "insure that an employer will not hire a minor without the knowledge of the board of education and its assent thereto as manifested by the employment certificate" (*Matter of Sacripante* v. *United Metal Spinning Co.*, 299 N. Y. 419, 424). Once it appears, by the issuance and existence of an employment certificate valid on its face, that "the employment itself had been duly authorized" (*Matter of Carney* v. *Williams Press, supra,* p. 636), thereby accomplishing the aforesaid statutory purpose, a claimant should bear the burden of demonstrating noncompliance to a degree substantial enough to warrant double recovery. The appellant here has not sustained this burden. The instant case is clearly distinguishable from those where the employer failed even to require working papers (e.g., *Matter of Sicurella* v. *Fedders Quigan Corp.*, 35 A D 2d 1036; *Matter of Masucci* v. *Conforti & Eisele,* 29 A D 2d 1001). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Simons and Reynolds, JJ., concur.