■ In the Matter of the Claim of EUSEBIO ROBLES, Also Known as MITCHELL FELDMAN, Respondent, v MOSSGOOD THEATRE-SAUNDERS REALTY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals by the employer and its insurance carrier from decisions of the Workmen's Compensation Board, filed May 10, 1974 and May 2, 1975. On January 23, 1973 claimant, employed as an usher at the Trans-Lux West Theatre, was shot by a .45 caliber pistol in the head by a fellow employee and as a result was rendered blind in both eyes. Claimant, aged 17 at the time of the incident, had obtained employment by use of a found draft card belonging to one Mitchell Feldman to establish an age in excess of 18 years. The board found a compensable injury and awarded double compensation pursuant to section 14-a of the Workmen's Compensation Law. The instant appeal ensued. The injury concededly occurred in the course of employment and, therefore, there is a presumption in the absence of substantial evidence to the contrary that it also arose out of the employment (Workmen's Compensation Law, § 21, subd 1; Birdsall v Peters, 46 AD2d 11, 13; Matter of Kaylor v 133 East 80th St. Corp., 43 AD2d 999). While there is some evidence that the assault resulted from purely personal animosity rather than work-connected differences, we cannot say on the instant record that the board could not find it was not sufficient to rebut the presumption of compensability (Matter of Daly v Opportunities for Broome, 39 NY2d 862, revg 48 AD2d 99, 102). The question of applicability of section 14-a is more difficult, but again the board must be upheld. It is well established that a minor employed in violation of the Labor Law is entitled to double compensation pursuant to section 14-a despite his own deceit in gaining employment or the employer's good faith (Matter of Sackolwitz v Hamburg & Co., 295 NY 264; Matter of Sicurella v Fedders Quigan Corp., 35 AD2d 1036; Matter of Landrum v Empire Carriers Corp., 2 AD2d 912). Section 132 of the Labor Law prohibits the employment of a 17 year old in violation of the employment certificate provisions of the Education Law. Section 3215 of the

Education Law makes it unlawful to employ a minor who does not present an employment certificate in accordance with article 65 of the Education Law. In the instant case it is undisputed that the employer did not request, nor did the claimant present, a valid employment certificate as required (Labor Law, § 132, subd 2; Education Law, § 3215, subd 1), nor was any such employment certificate kept on file at the place of this minor's employment (Education Law, § 3216, subd 8). Claimant's employment was therefore illegal, and under section 14-a of the Workmen's Compensation Law, he is entitled to double benefits (Workmen's Compensation Law, § 14-a; *Matter of Sicurella v Fedders Quigan Corp., supra; Matter of Masucci v Conforti & Eisele,* 29 AD2d 1001). While it has been held an employer's failure to keep an employment certificate in its office was mere ministerial irregularity which did not render claimant's employment illegal *(Matter of Salvio v Abercrombie & Fitch Co.,* 40 AD2d 1056, 1057), here no working papers were even presented and the "Certificate for Eligibility for Employment— Part Time" which claimant had obtained when he was 14 could not have validated the instant employment and further had expired when he became 16 years old (Education Law, § 3216, subd 1). Decision affirmed, with costs to the Workmen's Compensation Board. Sweeney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.