■ In the Matter of the Claim of RALPH CATANIA, Respondent, v. GRIMALDI CONSTRUCTION Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J., Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 6, 1969. The claimant suffered an industrial accident on July 12, 1966 and an unrelated nonindustrial stroke in July of 1967. The medical evidence establishes that as of the date of the last Referee hearing, the claimant was to some extent disabled as a result of the nonindustrial accident. The board has found that the claimant had a continuing disability causally related to the industrial accident and an earning capacity of 66⅔%. The board, however, failed to find what part of the ⅓ disability was related to the nonindustrial accident and affirmed an award which would appear to result in compensation for the entire disability and which is contrary to the evidence adduced. The appellants conceded liability before the board to the extent of $20 per week. Decision reversed, and matter remitted to the board for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Herlihy, P. J.

■ In the Matter of the Claim of JOSEPH VERRILLI, Respondent, v. TOWN OF HARRISON, HOOK & LADDER Co. No. 1, VOLUNTEER FIREMEN'S COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding the claimant benefits for a temporary partial disability under the provisions of the Volunteer Firemen's Benefit Law. Since the claimant's actual earnings after the accident clearly exceeded those prior to the accident, claimant would not be entitled to benefits under the Workmen's Compensation Law (Workmen's Compensation Law, § 15, subd. 5-a; *Matter of Savino* v. *Pollack*, 33 A D 2d 605). However, under the Volunteer Firemen's Benefit Law, neither the degree of disability nor the amount of benefits is dependent on loss of earnings; benefits being instead measured solely by loss of earning capacity, i.e., loss of ability of the injured fireman to perform the work usually performed by him or a reasonable substitute employment (Volunteer Firemen's Benefit Law, § 3, subd. 8; § 11). The board clearly and properly on the medical evidence in the record could find that claimant as a result of the injury is partially disabled in performing a substitute employment and that is the test under the Volunteer Firemen's Benefit Law. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J.