In the Matter of the Claim of FRED GILLESPIE, Respondent, v. BROOKHAVEN FIRE DISTRICT et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed May 1, 1970, which found that a partial disability resulted in a 25% loss of earning capacity and awarded claimant weekly benefits under the Volunteer Firemen's Benefit Law. Claimant, a plumbing section foreman for the Brookhaven National Laboratory, sustained injuries to his chest while performing duties of a volunteer fireman on November 27, 1966. A previous award for eight weeks' intermittent lost time subsequent to injury and prior to June 23, 1967 is not in issue. Section 10 (subd. 1, par. [g]) of the Volunteer Firemen's Benefit Law, as then in effect (L. 1965, ch. 311), stipulated that in cases of permanent partial disability, not specifically otherwise provided for in said section, the volunteer fireman shall be paid during the continuance thereof $20 each week if the percentage of loss of earning capacity is 25% or greater but less than 50%. Section 11 specified a similar formula for cases of temporary partial disability. As applicable, earning capacity is defined as "The ability of a volunteer fireman to perform on a five-day or six-day basis either the work usually and ordinarily performed by him in his remunerated employment or other work which for any such worker would be a reasonable substitute for the remunerated employment in which he was employed at the time of his injury" (Volunteer Firemen's Benefit Law, § 3, subd. 8). Although following the injury there has been no diminution in claimant's rate of compensation, this fact would not preclude an award for permanent or temporary partial disability benefits if claimant's earning capacity had been reduced by at least 25% since, under the Volunteer Firemen's Benefit Law (§§ 10, 11), the amount of benefit is not dependent on loss of earnings but is instead measured solely by loss of earning capacity (*Matter of Verrilli* v. *Town of Harrison, Hook & Ladder Co. No. 1, Volunteer Firemen's Co.*, 34 A D 2d 1074, affd. 28 N Y 2d 882). There is substantial evidence that claimant has a partial disability, which may be correctable by surgery, but the issue here is the extent, if any, which that disability affects earning capacity. There has been no change in claimant's employment status but he testified that his work is supervisory and, although he can supervise, he cannot handle tools. However, there was insufficient evidence on which the board could base its award since, for example, the record does not contain an allocation of the functions of claimant's position nor an indication of the extent that his job performance was hampered by the disability and the medical evidence is not directed towards claimant's ability to perform his normal employment tasks. In *Verrilli*, a physician reported that claimant was partially disabled, in excess of 25%, from carrying out his job as a salesman. Further proof should be adduced on the subject and, to rule otherwise, would be to approve speculation and deprive courts of an adequate opportunity of review. Claimant's failure to obtain a promotion to a position created about 22 months after the injury did not establish an

impairment of earning capacity since the Volunteer Firemen's Benefit Law makes no provision for an award of benefits based on expected increases in future earning capacity (see Workmen's Compensation Law, § 14, subd. 5). Such compensation is regulated by the ability of the injured fireman to perform the work usually performed by him or a reasonable substitute employment (*Matter of Verrilli* v. *Town of Harrison, Hook & Ladder Co. No. 1, Volunteer Firemen's Co., supra*), not that which it is anticipated that he will perform. Decision reversed, with costs against the Workmen's Compensation Board, and claim remitted for further proceedings. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.