◼  In the Matter of the Claim of WILLIAM O'BRIEN, Respondent, v. CENTRAL ISLIP FIRE DISTRICT, VOLUNTEER FIREMEN'S Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Central Islip Fire District, Volunteer Firemen's Company, and its insurance carrier from decisions of the Workmen's Compensation Board holding that claimant, who had a permanent partial disability resulting from an injury in the line of duty as a volunteer fireman, was entitled to an award under the Volunteer Firemen's Benefit Law despite the absence of any loss of earnings, and directing the carrier, State Insurance Fund, to pay claimant benefits due under said award during the pendency of this appeal. On July 19, 1958 claimant injured his back in the course of his duties as a volunteer fireman. At the time of this injury, he was employed at the Central Islip State Hospital as a grade seven maintenance man, plumber-steamfitter. His assignment at that time involved arduous work on boilers in the power house. Before the board appellants urged solely that claimant's postinjury tasks were as arduous as those he had performed in his duties as a plumber-steamfitter. Thus there was presented a factual issue for the board to determine. As we noted in *Matter of Verrilli* v. *Town of Harrison, Hook & Ladder Co.* (34 A D 2d 1074), "neither the degree of disability nor the amount of benefits is dependent on loss of earnings; benefits being instead measured solely by loss of earning capacity, i.e., loss of ability of the injured fireman to perform the work usually performed by him or a reasonable substitute employment (Volunteer Firemen's Benefit Law, § 3, subd. 8; § 11)." We should point out, however, that the inability to perform a specific employment task as a result of injury sustained in the line of duty as a volunteer fireman is not in and of itself a sufficient basis for finding a loss of earning capacity under subdivision 8 of section 3 and of section 10 (subd. 1, par. [g]) of the Volunteer Firemen's Benefit Law, and of course mere medical disability is not enough. Although the proof in this case was not entirely satisfactory and the result gives one pause, on this close record we are not disposed to disturb the board's factual determination. We find no merit in appellants'

contention that section 46 of the Volunteer Firemen's Benefit Law does not completely incorporate section 23 of the Workmen's Compensation Law including the recent amendment thereto that an appeal to this court or to the Court of Appeals from an award by the board shall not operate to stay the payments of compensation required by such award, and that where such an award is modified or rescinded upon appeal, the successful appellant shall be reimbursed for such amounts as were paid out during the pendency of the appeal (L. 1970, ch. 585). We cannot construe the legislative intent in section 46 other than incorporating all of section 23 including the indicated subsequent amendment, whose liberality favors claimant, despite any possible conflict created by reference to section 151 of the Workmen's Compensation Law (see *Matter of Insurance Co. of North Amer.* v. *Senior*, 21 N Y 2d 761, revg. 27 A D 2d 24). Moreover, appellants have no standing to raise this issue because they are not aggrieved parties. Although appellants clearly have standing to argue for a stay of payments, they cannot be heard to complain of payment of a " windfall " out of funds which they do not show to have been assessed against them, particularly since they are the very parties who stand to be the beneficiary of such windfall. Decisions affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.