■ In the Matter of the Claim of RICHARD A. BURDETT, Appellant, v BURDETT, WILBUR & BURDETT, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 2, 1978, which determined that claimant had a permanent partial disability attributable to accidental injuries sustained on January 9, 1963 and November 3, 1972 and in no way attributable to an accidental injury sustained on January 11, 1959. Claimant was 24 years old and serving as a volunteer fireman when, on Janaury 11, 1959, he slipped on ice while carrying a cash register out of a burning building and sustained a compensable back injury for which an award was made. This case was closed on May 3, 1960, and, thereafter, claimant sustained a second compensable back injury, on January 9, 1963, when he bent over and reached into a frozen foods cabinet while waiting on a customer at his regular place of business. Following a hearing on this matter, he was granted a compensation award chargeable 50% to his 1959 injury and 50% to his 1963 injury, and the cases were closed. Subsequently, on November 3, 1972, he again reinjured his back while merely standing and talking with a customer at his place of business, and the board ultimately determined that he had a permanent partial disability attributable one third to his 1963 injury and two thirds to his 1972 injury, but that he was earning more than the average weekly wage so as not to be entitled to a reduced earnings award. In so ruling the board found no causal relationship between claimant's disability and his original 1959 back injury and thereby effectively denied claimant any possible award for impaired earning capacity under the Volunteer Firemen's Benefit Law (see *Matter of O'Brien* v *Central Islip Fire Dist., Volunteer Firemen's Co.,* 37 AD2d 890, mot for lv to app den 29 NY2d 488). On this appeal, claimant contends that there is a lack of substantial evidence in the record to support the board's determination that his disability was in no way attributable to his original back injury in 1959, and we agree. All of the medical evidence submitted relevant to claimant's disability following his 1972 injury, including the report of the doctor for respondent Special Fund for Reopened Cases, indicates that the disability was at least to some extent attributable to the 1959 injury. Moreover, the board itself concluded that the disability was attributable one third to claimant's 1963 injury, which it had earlier determined was chargeable 50% to the injury in 1959, and no explanation has been given as to why, under these circumstances, the post-1972 disability would not, at least in part, be causally related to the 1959 injury. Such being the case, we hold that the board could not reasonably conclude that the 1959 injury was not a precipitating cause of claimant's present disability, and, accordingly, its decision is without a rational basis and cannot be sustained (*300 Gramatan Ave. Assoc.* v *State Div. of Human Rights,* 45 NY2d 176). Decision reversed, with one bill of costs to claimant against respondents filing briefs, and matter remitted to the Workers' Compensation Board for further proceedings not

inconsistent herewith. Mahoney, P. J., Greenblott, Kane and Mikoll, JJ., concur; Main, J., not taking part.