■ In the Matter of the Claim of GREG GRIFFO, Appellant, v ONONDAGA HILL VOLUNTEER FIRE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 835] —Cardona, P. J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 1997, which ruled that claimant did not suffer a loss of earning capacity.

Claimant sustained two injuries while working as a volunteer firefighter. The first occurred in February 1988 when he injured his back while pulling a fire hose. He was able to return to his regular job after the accident without any restrictions. In April 1990, claimant was again injured when he struck his head on a door during fire training sustaining injuries to his head, neck and upper back. At the time of the second accident, he was employed as an electrician and, after treating with his chiropractor, returned to his job. Following an exacerbation of the condition of his back in 1991, claimant's chiropractor imposed restrictions on the amount of weight claimant could lift and prohibited claimant from engaging in repetitive bending or lifting. As a result of these injuries, the Workers' Compensation Board classified claimant as having a permanent partial disability. The Board declined, however, to find

that claimant suffered a loss of earning capacity under Volunteer Firefighters' Benefit Law § 3 (8). Claimant appeals.

We affirm. A loss of earning capacity is defined under the Volunteer Firefighters' Benefit Law as the "loss of ability * * * to perform the work usually performed by [the claimant] or a reasonable substitute employment" (*Matter of Verrilli v Town of Harrison, Hook & Ladder Co. No. 1*, 34 AD2d 1074, *affd* 28 NY2d 882; *see*, Volunteer Firefighters' Benefit Law § 3 [8]; *Matter of O'Brien v Central Islip Fire Dist.*, 37 AD2d 890, *lv denied* 29 NY2d 488). There is no provision for "an award of benefits based on expected increases in future earning capacity" (*Matter of Gillespie v Brookhaven Fire Dist.*, 37 AD2d 654, 655).

In the case at hand, claimant returned to his regular job duties following both accidents. His chiropractor did not impose any restrictions on his work subsequent to the first accident. At the time of the second accident, claimant had different employment which entailed the assembly of electrical components at a workbench. He stated that it did not require any heavy lifting. Claimant's chiropractor approved his return to work in June 1990 without any restrictions. It was not until May 1991 when claimant's back condition was exacerbated that the chiropractor imposed restrictions on lifting and bending. Claimant testified that these limitations precluded him from applying for higher paying and more physically demanding positions. The fact that claimant may have been denied opportunities for advancement is not relevant to whether he suffered a loss of earning capacity under the Volunteer Firefighters' Benefit Law (*see, id.*). Inasmuch as the record clearly discloses that claimant was capable of performing his usual work duties following both accidents, substantial evidence supports the Board's decision (*compare, Matter of Young v Moyers Corner Fire Dept.*, 243 AD2d 883).

Mercure, White, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.