In the Matter of the Claim of JOSEPH HALBIN, Appellant, v. LINDENHURST FIRE DEPARTMENT OF THE INCORPORATED VILLAGE OF LINDENHURST et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board, filed March 8, 1971, which reduced a previously determined 75% loss of earning capacity to a 50% loss of earning capacity. On March 15, 1964 claimant was employed at Republic Aviation Corp. as a security guard when he was injured in the line of duty as a volunteer fireman. On June 2, 1966 the board determined that he had a 75% loss of earning capacity and the case was closed. On June 11, 1968 claimant and his wife, as partners, purchased a bar and grill at Lindenhurst, New York and have operated it ever since. On January 21, 1970 the carrier applied for a reopening of the case in view of the earnings of claimant arising out of the operation of the bar and grill. The Referee determined that claimant had a 100% earning capacity and was not entitled to further benefits. The board reversed the Referee and determined that claimant had a causally related 50% disability, finding that: "evidence was introduced as to claimant's post injury earnings. Said evidence indicates that claimant has been in business for himself for several years and that his social security return as a sole proprietorship shows his post accident earnings as of June 1, 1970 greatly exceed his pre-injury earnings." The question presented is whether self-employment income may be considered in determining the degree

of causally related disability of a volunteer fireman and the amount of benefits to be paid. Section 3 (subd. 8, par. a) of the Volunteer Firemen's Benefit Law defines earning capacity as "The ability of a volunteer fireman to perform on a five-day or six-day basis either the work usually and ordinarily performed by him in his remunerated employment or other work which for any such worker would be a reasonable substitute for the remunerated employment in which he was employed at the time of his injury". The amount of benefit under the Volunteer Fireman's Benefit Law is not dependent upon the amount of earnings after injury by a volunteer fireman, but is instead measured solely by loss of earning capacity, that is, his ability to perform the work usually or ordinarily performed by claimant at the time of the injury or reasonable substitute employment. (*Matter of Verrilli* v. *Town of Harrison Hook & Ladder Co. No. 1, Volunteer Firemen's Co.*, 34 A D 2d 1074, affd. 28 N Y 2d 882.) There being no medical or other evidence in the record establishing that claimant presently has a greater ability to perform the work he was performing at the time of the accident and the board's determination having been based solely on claimant's post-accident earnings, its determination must be reversed. Decision reversed, with costs to appellant against respondents' employer and carrier, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.