In the Matter of the Claim of STEVEN HASTEN, Respondent, v MORSE ELECTRO PRODUCTS CORP., Appellant, and FIREMEN'S FUND AMERICAN INSURANCE COMPANIES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 4, 1978, which authorized a double indemnity award under section 14-a of the Workers' Compensation Law. On May 10, 1975, the claimant applied for employment with the employer herein and upon the application he stated his birthdate as September 10, 1957 and his age as 18. He was in fact 17 years six months old, but the employer did not request presentation of his working papers. Claimant subsequently sustained a compensable injury and seeks to invoke the penalty of section 14-a of the Workers' Compensation Law which states, in relevant part: "Compensation * * * shall be double * * * if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law". The board has found that "employer is in violation of sections 132 and 135 of the Labor Law". Section 132 of the Labor Law, as applicable herein, provides in its first two subdivisions, as follows: "1. No minor sixteen or seventeen years of age shall be employed * * * when attendance upon instruction is required by the education law or in violation of the employment certificating provisions of the education law. 2. A minor sixteen or seventeen years of age may be employed if he presents an employment certificate or permit issued in accordance with the education law." Section 3215 of the Education Law, as incorporated in subdivision 1 of section 132 of the Labor Law, provides as follows: "1. It shall be unlawful, except as otherwise provided by law, to employ * * * a minor who does not present an employment certificate or permit". The record establishes that the claimant had graduated from school or at least was not required to attend and that in fact he was possessed of a proper work certificate when he applied for the employment at issue herein. This court has previously found that failure to maintain a work permit on file as required by section 135 of the Labor law does not conclusively establish a right to double compensation (Matter of Salvio v Abercrombie & Fitch Co., 40 AD2d 1056). However, in Salvio the claimant had presented his work certificate to the employer and, thus, there was no violation of section 132 of the Labor Law or 3215 of the Education Law. (See, also, Matter of Sacripante v United Metal Spinning Co., 299 NY 419.) Considering the impact of section 3215 of the Education Law as incorporated in subdivision 1 of section 132 of the Labor Law and the independent subdivision 2 of section 132 of the Labor Law which requires presentation of the employment certificate or permit for infants under the age of 18, it appears that the mandatory language supports the board's interpretation of section 14-a of the Workers' Compensation Law as presently imposing double compensation when the employer does not see the work permit. Accordingly, the fact that the claimant's employment was legally permissible and authorized does not overcome the violation of the Labor Law. In the present posture, the law appears to be harsh, but this court is bound by

prior decisions. Decision affirmed, with costs to the Workers' Compensation Board against appellant. Sweeney, J.P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.