■ In the Matter of the Claim of MOISES CRUZ, Respondent, v RKO CENTURY THEATRES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed January 29, 1986, which ruled that claimant sustained a compensable injury and awarded benefits.

The facts of the instant case are undisputed. In June 1983 the manager of the employer's movie theatre at Lexington Avenue and 86th Street in New York City received a recommendation from a member of his staff to hire claimant as an usher. The manager told his subordinate to make sure claimant was 18 years old. In fact, claimant was then 16 years of age, but had been issued a valid employment certificate, or "working papers", by the high school he attended. At claimant's initial interview, the theatre manager asked him his age and, although he correctly answered that he was 16, the manager did not ask for his employment certificate. A few days after claimant started working, he encountered the

manager at the theatre and attempted to hand him a folded document, stating "I have my working papers". The manager replied "You are 18, I don't need them" and neither took nor examined the papers but walked past claimant without stopping. Several months later, claimant was seriously injured when he was assaulted in attempting to prevent several persons from entering the theatre without tickets. The Workers' Compensation Board awarded claimant double compensation benefits for his injuries pursuant to Workers' Compensation Law § 14-a, finding that his employment was illegal because of the employer's failure to receive and keep on file claimant's employment certificate (see, Labor Law § 132 [1], [2]; § 135 [1]). This appeal ensued.

The employer's sole contention on appeal is that at all pertinent times claimant actually had a valid employment certificate and that, in offering to give or show his working papers to the manager after commencing employment, claimant had "present[ed] an employment certificate or permit issued in accordance with the education law" (Labor Law § 132 [2]). The employer urges that the statute was thus literally complied with and, at most, all that the evidence established was the ministerial irregularity of failing to file the certificate, which is insufficient to justify an award of double compensation (citing *Matter of Salvio v Abercrombie & Fitch Co.,* 40 AD2d 1056, 1057). We disagree.

Although the statute makes the employment of a 16- or 17-year-old legal if the minor "presents" working papers, the legislative framework and the case law applying it clearly establish that the burden is placed on the prospective employer to ascertain the minor's correct age and at least to verify, by obtaining and examining the employment certificate or permit, that his employment is authorized. The minor is not penalized under the statute for failure to present working papers; indeed, double compensation may be awarded even if the minor has deceived the employer as to his age *(see, Matter of Sackolwitz v Hamburg & Co.,* 295 NY 264). Double jeopardy for an employer's noncompliance has been upheld even when the minor actually possessed a valid certificate *(Matter of Hasten v Morse Electro Prods. Corp.,* 68 AD2d 952). The cases applying the pertinent section have consistently ruled in favor of double compensation where no certificate "has been obtained by the employer" *(Matter of Sackolwitz v Hamburg & Co., supra,* p 270; *Matter of Sicurella v Fedders Quigan Corp.,* 35 AD2d 1036), where the employer did not "have" the certificate *(Matter of Masucci v Conforti & Eisele,* 29 AD2d

1001) and when the employer "does not see the work permit" *(Matter of Hasten v Morse Electro Prods. Corp., supra)*. And in *Matter of Salvio v Abercrombie & Fitch Co. (supra),* principally relied on by the employer, this court distinguished that case from those "where the employer failed even to require working papers" *(id.,* p 1057).

It would seriously impair the self-enforcement aspects of the statute to adopt the employer's literal interpretation of "presents", and thereby absolve the employer from paying double compensation merely because claimant attempted to tender his employment certificate, when the employer failed to minimally verify that the employment was legal by accepting and examining the certificate.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.