■ In the Matter of the Claim of EUGENE YOUNG, Appellant, v MOYERS CORNERS FIRE DEPARTMENT et al., Respondents. Workers' Compensation Board, Respondent. [663 NYS2d 326] —Appeal from a decision of the Workers' Compensation Board, filed March 14, 1996, which ruled that claimant did not suffer a causally related loss of earning capacity.

Claimant, a self-employed attorney, was injured in the line of duty as a volunteer firefighter. Although he was initially awarded benefits for his resulting disability under the Volunteer Firefighters' Benefit Law for the period July 17, 1995 through January 18, 1996, the Workers' Compensation Board

modified the awards by rescinding payments subsequent to July 17, 1995 upon a finding that claimant had failed to prove that he suffered a loss of earning capacity. We reverse the Board's decision upon the ground that it is not supported by substantial evidence.

Claimant is entitled to disability benefits upon a showing that he has suffered a loss of earning capacity, defined as "[t]he ability of a volunteer fire[fighter] to perform on a five-day or six-day basis * * * the work usually and ordinarily performed by him in his remunerated employment" or in the "practice of his profession" (Volunteer Firefighters' Benefit Law § 3 [8] [a], [b]). The record contains unrefuted evidence that, after his injury, claimant could work only a fraction of the number of hours per week he had previously devoted to his self-employment as an attorney. In finding that claimant had no loss of earning capacity, the Board erroneously relied on the fact that claimant was currently earning more than he had at the time of the accident. "The amount of benefit under the Volunteer Fire[fighters'] Benefit Law is not dependent upon the amount of earnings after injury by a volunteer fire[fighter], but is instead measured solely by loss of earning capacity, that is, his *ability to perform the work usually or ordinarily performed by [him] at the time of the injury*" (*Matter of Halbin v Lindenhurst Fire Dept.*, 39 AD2d 991, 992 [emphasis supplied]). In view of the above, we find that substantial evidence to support the Board's decision is lacking and we, accordingly, reverse.

Mercure, J. P., Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.