■ In the Matter of the Claim of DAVID DENTICO, Respondent, v VILLAGE OF WALWORTH, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [677 NYS2d 831] —Yesawich Jr., J. Appeal from a decision of the Workers' Compensation Board, filed May 30, 1997, which ruled that claimant had sustained a causally related loss of earning capacity and was entitled to an award of benefits under the Volunteer Firefighters' Benefit Law.

Claimant, a self-employed gunsmith and gun shop owner, was injured in the line of duty as a volunteer firefighter with the Village of Walworth in Wayne County. The Workers' Compensation Board subsequently ruled that claimant had suffered a permanent partial disability, causing him to lose between 50% and 75% of his earning capacity, and awarded him benefits at the statutory rate of $234.50 per week (see, Volunteer Firefighters' Benefit Law § 10 [1] [g] [2]). The municipality challenges this determination, contending that claimant did not suffer any loss of earning capacity, much less a loss in excess of 50%.

A volunteer firefighter who has suffered a disabling injury in the line of duty is entitled to compensatory benefits upon a showing that the injury has resulted in a loss of earning capacity, that is, the ability to perform on a five or six-day basis the same work that he or she ordinarily did prior to the injury, "or other work which * * * would be a reasonable substitute for the profession, trade or business" (Volunteer Firefighters' Benefit Law § 3 [8] [b]). Benefits may be paid for a diminution of earning capacity even if the claimant is earning the same or more than before the injury, as long as the earnings do not emanate from the performance of the same work (see, Matter of Halbin v Lindenhurst Fire Dept., 39 AD2d 991, 992).

In the instant matter, substantial evidence—including expert medical testimony, reports of physicians' examinations and clinical records submitted on claimant's behalf—supports the Board's finding that claimant was unable to resume his profession as a skilled gunsmith following his injuries because he could no longer operate the heavy machinery necessary to manufacture and repair firearms. As a result, claimant's ability to earn a living as a gunsmith was significantly diminished, and he was compelled to shift the focus of his business from the manufacture, sale and repair of custom firearms to the retail sale of firearms. We conclude that the Board's ruling that claimant suffered a 50% loss of earning capacity and its

commensurate award of benefits, were adequately supported by the record (*see, Matter of Young v Moyers Corners Fire Dept.*, 243 AD2d 883).

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.