Mugglin, J.
Appeal from a decision of the Workers’ Compensation Board, filed April 22, 2002, which ruled that claimant had a permanent partial disability with a 50% impairment in his earning capacity.
Claimant was injured in August 1998 while performing his *658 duties as a volunteer firefighter with the Brentwood Fire District. His application for benefits under the Volunteer Firefighters’ Benefit Law was granted by the Workers’ Compensation Law Judge (hereinafter WCLJ), who found claimant to be permanently partially disabled, causing a 50% impairment of his earning capacity. The Workers’ Compensation Board affirmed the decision and this appeal by the District and its workers’ compensation carrier ensued.
We affirm. A volunteer firefighter is entitled to disability benefits if he or she can establish a loss of earning capacity defined as the ability to perform on a five-day or six- day basis work usually and ordinarily performed in his or her remunerated employment or a reasonable substitute therefor (see Volunteer Firefighters’ Benefit Law § 3 [8] [a], [b]; Matter of Dentico v Village of Walworth, 254 AD2d 515, 515 [1998]; Matter of Young v Moyers Corners Fire Dept., 243 AD2d 883, 884 [1997]; Matter of Verilli v Town of Harrison, Hook & Ladder Co. No. 1, Volunteer Firemen’s Co., 34 AD2d 1074 [1970], affd 28 NY2d 882 [1971]). At the time of the injury, claimant was working for a hazardous waste removal company, driving large trucks and occasionally moving drums weighing from 3Ó0 to 500 pounds. Claimant’s medical evidence established that he suffered a moderate partial disability, permanent in nature, precluding his return to any employment, including the trucking industry, which involves heavy lifting, pushing, pulling or carrying activities or prolonged sitting or standing.
This medical evidence, together with claimant’s testimony, constitutes substantial evidence supporting the Board’s determination sustaining the findings of the WCLJ concerning claimant’s loss of earning capacity (see Matter of Dentico v Village of Walworth, supra at 515; Matter of Young v Moyers Corners Fire Dept., supra at 884). We reject the contention that claimant’s ultimate return to the status of a class A firefighter requires a contrary decision. Volunteer Firefighters’ Benefit Law § 3 (8) provides that the ability to perform the duties of a volunteer firefighter may be considered in determining loss of earning capacity. Here, the record establishes that whenever claimant experienced back problems, his classification was either downgraded or he was assigned light duty tasks, which he can perform consistent with his medical limitations.
We also reject the contention of the District and its carrier that claimant’s employment record following the accident does not support a finding of loss of earning capacity. Entitlement to benefits is not determined by the amount of earnings after injury, but is solely measured by loss of earning capacity (see *659 Matter of Dentico v Village of Walworth, supra at 515; Matter of Halbin v Lindenhurst Fire Dept., 39 AD2d 991, 992 [1972]). Finally, we find no error associated with the WCLJ affording little weight to the report prepared by the District’s examining physician, since the physician failed to appear for cross-examination (see 12 NYCRR 300.10 [c]).
Mercure, J.E, Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.