Carpinello, J.
Appeal from an decision of the Workers’ Compensation Board, filed June 29, 2001, which ruled that claimant sustained a compensable injury and awarded benefits under the Volunteer Firefighters’ Benefit Law.
*814 In October 1998, claimant broke a metatarsal bone in his right foot while performing his duties as a volunteer firefighter. Shortly thereafter, he began having problems with his left knee for which he underwent arthroscopic surgery. Several months later, claimant complained of lower back pain, as well as right knee pain. It is undisputed that claimant’s right foot and left knee injuries are causally related to the October 1998 incident. Although claimant’s physician opined that the back and right knee pain were indirectly related to this accident, the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) dispute this contention. Following a hearing at which claimant’s physician was the only witness,* the Workers’ Compensation Law Judge (hereinafter WCLJ) found that he had sustained a permanent partial disability, including consequential back and right knee injuries, resulting in a 75% or greater loss of earning capacity. The Workers’ Compensation Board sustained the WCLJ’s determination, and the carrier now appeals.
Pursuant to Volunteer Firefighters’ Benefit Law § 3 (8), whether a claimant has suffered a loss of “earning capacity” is measured by the ability to continue performing the employment duties that he or she routinely performed prior to being injured (see Matter of Dentico v Village of Walworth, 254 AD2d 515 [1998]). Here, the record establishes that claimant, a steamfitter for the past 35 years, is unlikely to receive clearance to return to work and is therefore entitled to disability benefits. In addition, substantial evidence in the form of expert medical testimony supports the Board’s decision that claimant suffered a 75% or greater loss of earning capacity. Claimant’s treating physician testified that the injuries sustained to his right foot and left knee caused consequential injuries to his right knee and back and that due to the labor-intensive nature of steamfitting, claimant is permanently disabled from resuming this type of employment (see Matter of Seaman v County of Onondaga, 253 AD2d 953 [1998]).
Finally, we are unpersuaded that the WCLJ erred by refusing to grant an adjournment to enable the presentation of testimony from the carrier’s expert witness following his unexcused absence from the scheduled hearing. Given the lack of any explanation for the physician’s failure to appear on the appointed date, it was within the WCLJ’s authority to deny an adjournment and proceed to a determination based upon the record before her (see 12 NYCRR 300.10 [b]; see also Matter of *815 Metzger v Champion Intl. Corp., 301 AD2d 800 [2003]; Matter of Rose v International Paper Co., 290 AD2d 664 [2002]). The remaining contentions raised on appeal have been reviewed and found to be without merit.
Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.

 The carrier’s medical expert was precluded from testifying because good cause was not established to excuse his failure to appear at the hearing.