[804 NE2d 400, 772 NYS2d 236]

In the Matter of the Claim of FRANCISCO RODRIGUEZ, Respondent, v BURN-BRITE METALS COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Argued November 18, 2003; decided December 22, 2003

### APPEARANCES OF COUNSEL

*Susan B. Marris*, Liverpool, and *Douglas J. Hayden*, for appellants.

*Eliot Spitzer, Attorney General*, New York City (*Howard B. Friedland, Caitlin Halligan, Daniel Smirlock, Patrick Barnett-Mulligan, M. Patricia Smith* and *Iris A. Steel* of counsel), for Workers' Compensation Board, respondent.

*Thomas M. Robertson*, Syracuse, for Francisco Rodriguez, respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

The Workers' Compensation Board disqualified claimant from receiving wage replacement benefits as a penalty for having made false representations as defined in Workers' Compensation Law § 114-a (1). The Board declined to cut off claimant's medical benefits, however, determining that section 114-a (1)

applies only to indemnity benefits. The Appellate Division agreed "that the Board does not have discretion under Workers' Compensation Law § 114-a to terminate coverage for causally related medical treatment" (300 AD2d 904, 906 [3d Dept 2002]).

As part of a broad reform of New York's system for compensating workers who suffer on-the-job injuries, the Legislature in 1996 amended the Workers' Compensation Law to establish penalties for offering fraudulent information in support of a claim. Former section 114, the criminal fraud provision, was redrafted; sections 114-a and 114-b were added (L 1996, ch 635; *see also Matter of Losurdo v Asbestos Free* (1 NY3d 258 [2003] [decided today]). These provisions manifest a legislative intent to limit the forfeiture penalty for false statements or representations to wage replacement benefits. Specifically, section 114-a (1) refers exclusively to "compensation pursuant to section fifteen" of the Workers' Compensation Law, which covers wage replacement benefits. Medical benefits for compensable injuries are provided for by section 13 of the Workers' Compensation Law. Accordingly, section 114-a (1) restricts its forfeiture penalty to such "compensation" as comprises wage replacement benefits.

By contrast, section 114 (1) authorizes the court to punish a fraudulent "claim for payment *or other benefit*" (emphasis added) by ordering "forfeiture of all rights to compensation or *payments of any benefit*" (emphasis added). Thus, this provision—unlike section 114-a (1)—is not limited to wage replacement benefits under section 15 and instead encompasses forfeiture of "any benefit" (*compare* Workers' Compensation Law § 15 [8] [d] and [f], which differentiate between "compensation" and "medical expense" or "medical benefits" or "medical expenses"). If the Legislature had likewise intended section 114-a (1) to extend to all possible benefits, it would have employed comparably unqualified language. Further, the presence of the general phrase "benefits or payments" in section 114-b, which deals with readjustment of an employer's experience rating, does not nullify the precise, narrow language limiting the scope of section 114-a (1) to wage replacement benefits.

Finally, section 114-a (1) must be viewed in the overall context of the Workers' Compensation Law, which the Legislature "enacted for socioeconomic remediation purposes as a means of *protecting workers and their dependents from want in case of injury on the job*" (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129, 134 [1994] [internal

quotation marks omitted]). Reading section 114-a (1) so as to disqualify a claimant with a compensable injury from receiving medical treatment is incompatible with these remedial purposes. If the false statement or representation calls the legitimacy of a compensable injury into question, an employer may always seek administrative review to discontinue medical benefits (Workers' Compensation Law § 123).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs, in a memorandum.