■ In the Matter of the Claim of MICHAEL DOESBURG, Respondent, v VILLAGE OF STILLWATER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 98]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 21, 2003, which ruled that claimant had sustained a causally related loss of earning capacity and was entitled to an award of benefits under the Volunteer Firefighters' Benefit Law.

Claimant, a laborer, sustained injuries to his back while performing his duties as a volunteer firefighter. Following a hearing, a Workers' Compensation Law Judge found that claimant had suffered a 50% to 74% loss of wage earning capacity pursuant to Volunteer Firefighters' Benefit Law § 10 (1) (g) (2), and awarded benefits accordingly. The Workers' Compensation Board modified the decision of the Workers' Compensation

Law Judge, determining that claimant's loss of earning capacity had been 75% or greater and, further, that claimant was totally disabled. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.

A volunteer firefighter who is injured in the line of duty is entitled to workers' compensation benefits if he or she demonstrates a loss of earning capacity, namely, an inability to continue performing either the employment duties usually and ordinarily performed at the time of injury or those required by a reasonable substitute (*see* Volunteer Firefighters' Benefit Law § 3 [8] [a], [b]; *Matter of Allen v Brentwood Fire Dist.*, 1 AD3d 657, 658 [2003]). The uncontroverted evidence in the record establishes that claimant, who lacks a high school diploma, was only trained and experienced in manual labor jobs requiring significant amounts of physical exertion, including the repeated lifting and carrying of heavy objects. At the time of his injury, claimant had been employed as a "yard man" at a lumberyard, whose routine duties entailed loading and unloading shipments, weighing between 10 and 200 pounds, onto trucks. Although claimant's treating physician and the physician retained by the carrier offered different opinions as to claimant's degree of disability, both agreed that claimant had suffered a permanent partial disability which had rendered him incapable of returning to his ordinary employment as a lumberyard laborer or to similar forms of manual labor in which he was experienced.

This testimony provides substantial evidence supporting the Board's decision that claimant had suffered a 75% or greater loss of earning capacity as a result of his injury (*see Matter of Donlin v West Babylon Fire Dist.*, 1 AD3d 813, 814 [2003]; *Matter of Dentico v Village of Walworth*, 254 AD2d 515, 515-516 [1998]). However, the Board erred by further classifying claimant as totally disabled when there is no evidence in the record that claimant suffered a total loss of his earning capacity (*see* Volunteer Firefighters' Benefit Law § 8). Having reviewed and rejected the carrier's remaining contention, we reverse the Board's decision only on the issue of total disability.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as ruled that claimant had suffered a total disability, and, as so modified, affirmed.