■ In the Matter of the Claim of JULIE A. FREY, Respondent, v TOWN OF NEWSTEAD et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 108]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 27, 2003, which ruled that claimant had sustained a causally related loss of earning capacity and was entitled to an award of benefits under the Volunteer Firefighters' Benefit Law.

Claimant, a volunteer firefighter for the Town of Newstead in Erie County (hereinafter employer), was injured when the fire truck in which she was a passenger was involved in a motor vehicle accident. A Workers' Compensation Law Judge determined that claimant's injuries constituted a permanent partial disability and ordered benefits according to an additional finding that she had suffered a 50% to 75% loss of earning capacity pursuant to Volunteer Firefighters' Benefit Law § 10. The Workers' Compensation Board affirmed, prompting this appeal by the employer.

A volunteer firefighter who has been injured in the line of duty is entitled to workers' compensation benefits upon a showing that he or she has suffered a loss of earning capacity, namely, an inability to continue performing either the "work usually and ordinarily performed" in his or her regular employment at

the time of the injury or "other work which for any such worker would be a reasonable substitute" therefor (Volunteer Firefighters' Benefit Law § 3 [8] [a]; *see Matter of Halbin v Lindenhurst Fire Dept.*, 39 AD2d 991, 992 [1972]). "Benefits may be paid for a diminution of earning capacity even if the claimant is earning the same or more than before the injury, as long as the earnings do not emanate from the performance of the same work" (*Matter of Dentico v Village of Walworth*, 254 AD2d 515, 515 [1998]; *see Matter of Young v Moyers Corners Fire Dept.*, 243 AD2d 883, 884 [1997]).

We reverse because this record does not contain substantial evidence to support the Board's conclusion that claimant's line-of-duty injury has caused her to lose between 50% and 75% of her earning capacity. After a period of total disability, claimant's treating physician released her to "regular duty" with the sole limitation that she should not lift more than 20 pounds. The record contains no medical support for claimant's self-imposed restrictions on other types of physical activity. In addition, claimant's hourly rate of pay and hours of work have both increased since the accident. Notably, claimant's increased earnings emanate from the same job she performed prior to the accident (*see Matter of Dentico v Village of Walworth, supra* at 515).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's determination.