In the Matter of the Claim of BARBARA CAREY, Respondent, v MEDFORD VOLUNTEER AMBULANCE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [788 NYS2d 710]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed September 18, 2003, which, inter alia, ruled that claimant had a permanent partial disability with a 50% impairment in her earning capacity.

Claimant sustained an injury to her back in November 1998 while performing her duties as a volunteer ambulance worker with the Medford Volunteer Ambulance Corporation in Suffolk County. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had a permanent partial disability, causing a 50% impairment of her earning capacity. The WCLJ awarded benefits from February 3, 1999 to May 7, 2003 and continuing thereafter based on the loss of earning capacity. The Workers' Compensation Board affirmed the decision and this appeal by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) ensued.

We affirm. A volunteer ambulance worker is entitled to disability if he or she can establish a loss of earning capacity, which is defined as the ability to perform "on a five day or six day

basis either the work usually and ordinarily performed by him [or her] in his [or her] remunerated employment" or a reasonable substitute thereof (Volunteer Ambulance Workers' Benefit Law § 3 [8] [a]). At the time of the injury, claimant was working for the Town of Brookhaven's Public Safety Department, performing patrol duties. Claimant's medical evidence established that she suffered a permanent partial disability which precluded her from performing many of her job duties, including enforcement patrols, directing traffic and standing for prolonged periods of time.

This medical evidence, together with claimant's testimony, constitutes substantial evidence supporting the Board's determination sustaining the findings of the WCLJ concerning claimant's loss of earning capacity (*see Matter of Doesburg v Village of Stillwater*, 11 AD3d 762, 763 [2004]). We reject the carrier's contention that claimant's return to employment in a different position with no loss of income requires a contrary decision. The Volunteer Ambulance Workers' Benefit Law provides benefits based on a loss of earning capacity, not actual reduced income (*see* Volunteer Ambulance Workers' Benefit Law § 3 [8]; § 10 [1] [g]; *Matter of Frey v Town of Newstead*, 11 AD3d 780, 781 [2004]). Contrary to the carrier's assertion, the medical evidence supports the Board's determination that claimant suffered a causally related disability subsequent to February 3, 1999.

Cardona, P.J., Crew III, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.