■ In the Matter of the Claim of JAMIE PROVONCHA, Respondent, v ANYTIME HOME CARE, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [789 NYS2d 760]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 19, 2004, which ruled, inter alia, that claimant was entitled to an award of double compensation pursuant to Workers' Compensation Law § 14-a.

On March 28, 2003, claimant was employed as a certified nurses aid for Anytime Home Care, Inc. when she injured her back turning a patient. Claimant, who was 17 years old at the time of the injury, filed a claim for workers' compensation benefits. The Workers' Compensation Board notified the employer that a hearing would be held to determine whether claimant was employed in violation of the Labor Law—which would entitle claimant to double compensation (see Workers' Compensation Law § 14-a)—and requested the employer to produce claimant's employment certificate (see Labor Law § 132 [2]). Because the employer failed to produce the certificate at the hearing, the Workers' Compensation Law Judge granted the employer an adjournment to obtain the document (see 12 NYCRR 300.10 [b]). At the second hearing, the employer again failed to produce the certificate, arguing instead that claimant had been lawfully employed pursuant to Labor Law § 133 and alleging that claimant's employment certificate had been either misplaced or stolen. The employer requested permission to present the testimony of various employees to support its contentions or, in the alternative, another adjournment to locate claimant's certificate. The Workers' Compensation Law Judge denied the employer's requests and determined that claimant had been illegally employed in violation of Labor Law § 132 and, thus, was entitled to double compensation pursuant to

Workers' Compensation Law § 14-a. The Workers' Compensation Board affirmed and the employer now appeals.*

Since it was undisputed that claimant was 17 years old at the time of the injury, it was incumbent upon the employer to produce an employment certificate for claimant to establish that claimant was lawfully employed (*see* Labor Law § 132). When the employer appeared at the second hearing without the certificate or a showing of extraordinary circumstances warranting a further adjournment, the Workers' Compensation Law Judge properly proceeded with the hearing (*see* 12 NYCRR 300.10 [b]; *Matter of Donlin v West Babylon Fire Dist.*, 1 AD3d 813 [2003]; *Matter of Metzger v Champion Intl. Corp.*, 301 AD2d 800, 802 [2003]). Based upon this record, we find that the Board properly determined that claimant had been illegally employed in violation of Labor Law § 132 and was, consequently, entitled to double compensation pursuant to Workers' Compensation Law § 14-a (*see Matter of Kobre v Camp Mogen Avraham*, 293 AD2d 893, 895-896 [2002]; *Matter of Cruz v RKO Century Theatres*, 125 AD2d 807, 808-809 [1986]).

The remaining contentions raised by the employer have been reviewed and found to be without merit.

Peters, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.

---

* Although the employer purportedly appealed from the Board's determination in its entirety, it did not address the Board's calculation of the benefit rate in its brief. Accordingly, we deem this aspect of the appeal abandoned (*see Matter of Drakes v Bank Julius Baer & Co.*, 301 AD2d 799, 800 [2003]).