■ In the Matter of the Claim of ROBERT WEINSTEIN, Respondent, v SOMERS FIRE DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [829 NYS2d 726]—

Peters, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed August 8, 2005, which ruled that claimant had sustained a causally related loss of earning capacity and was entitled to an award of benefits under the Volunteer Firefighters' Benefit Law.

Claimant, a self-employed real estate agent, sustained a back injury in July 2001 while lifting an oxygen tank into an ambulance in furtherance of his duties as a volunteer firefighter. A Workers' Compensation Law Judge thereafter determined that claimant's injury constituted a permanent partial disability and, upon an apparent additional finding that he had suffered a 50% loss of earning capacity pursuant to Volunteer Firefighters' Benefit Law § 10, awarded him benefits. That decision was affirmed by the Workers' Compensation Board and this appeal by the employer and its workers' compensation carrier ensued.

We affirm. "A volunteer firefighter who is injured in the line of duty is entitled to workers' compensation benefits if he or she demonstrates a loss of earning capacity, namely, an inability to continue performing either the employment duties usually and ordinarily performed at the time of injury or those required by a reasonable substitute" (*Matter of Doesburg v Village of Stillwater*, 11 AD3d 762, 763 [2004] [citations omitted]; *see Matter of Frey v Town of Newstead*, 11 AD3d 780, 780-781 [2004]; *see also* Volunteer Firefighters' Benefit Law § 3 [8] [a]). Here, the record contains a report from claimant's neurosurgeon, Thomas Lansen, indicating that claimant experienced "chronic low back pain . . . [which] reduced his ability to work." Lansen specifically noted that claimant's duties as a real estate agent, including driving to and from homes, walking potential buyers through the homes and standing for long periods of time, were "somewhat limited." Lansen also acknowledged a correspondence from claimant's employer estimating that claimant's average work hours had been lowered from 60 hours per week to 25 hours per week. Ultimately, Lansen diagnosed claimant with a "moderate permanent disability." The foregoing constitutes substantial evidence in support of the Board's decision that claimant's injury resulted in a 50% reduction in earning capacity (*see Matter of Doesburg v Village of Stillwater, supra* at 763; *Matter of Allen v Brentwood Fire Dist.*, 1 AD3d 657, 658 [2003]; *Matter of Dentico v Village of Walworth*, 254 AD2d 515, 515-516 [1998]).

The remaining contentions advanced by the employer and its carrier, to the extent not specifically addressed herein, have been considered and found to be unavailing.

Mercure, J.P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.