In the Matter of the Claim of SANDI GIELLO, Respondent, v PROVIDENCE FIRE DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [869 NYS2d 676]—

Stein, J.

Claimant, a waitress, was injured in March 2000 when she was involved in an automobile accident while responding to an emergency call in her capacity as a volunteer firefighter. A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently found claimant to be permanently partially disabled and awarded her benefits pursuant to Volunteer Firefighters' Benefit Law § 10. In 2005, a hearing was conducted where claimant testified as to her physical limitations attributable to the accident; the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) presented videotape surveillance evidence on which claimant was recorded performing physical acts allegedly inconsistent with her claimed limitations. The employer thereafter requested, among other things, that claimant be disqualified from receiving benefits for making false representations in violation of Workers' Compensa-

tion Law § 114-a. The WCLJ determined that the employer's contention pursuant to Workers' Compensation Law § 114-a was untimely and had been waived. On review, the Workers' Compensation Board modified the WCLJ's determination, finding that Workers' Compensation Law § 114-a is not applicable to benefits awarded pursuant to Volunteer Firefighters' Benefit Law § 10. The employer now appeals and we affirm.

A volunteer firefighter who is injured in the line of duty is eligible for workers' compensation benefits if he or she can demonstrate a loss of earnings capacity (*see Matter of Weinstein v Somers Fire Dist.*, 37 AD3d 917, 918 [2007]; *Matter of Doesburg v Village of Stillwater*, 11 AD3d 762, 763 [2004]). Both the Workers' Compensation Law and the Volunteer Firefighters' Benefit Law provide for criminal penalties for offering fraudulent information in support of a claim (*see* Workers' Compensation Law § 114; Volunteer Firefighters' Benefit Law § 55). In 1996, the Legislature amended the Workers' Compensation Law to also include civil penalties for fraudulent claims by adding Workers' Compensation Law § 114-a (L 1996, ch 635). No such amendment was made to the Volunteer Firefighters' Benefit Law. Nonetheless, the employer contends that Workers' Compensation Law § 114-a is applicable to the benefits awarded to claimant here pursuant to Volunteer Firefighters' Benefit Law § 57* and, therefore, that false statements made by claimant regarding her alleged causally related disabilities should disqualify her from receiving such benefits. Claimant argues that the Board correctly determined that those penalties are inapplicable to benefits received under Volunteer Firefighters' Benefit Law § 10.

Workers' Compensation Law § 114-a provides for forfeiture of benefits and civil penalties when a claimant makes false statements or representations regarding material facts "for the purpose of obtaining [benefits] *pursuant to section fifteen of this chapter*, or for the purpose of influencing any determination regarding any such payment" (Workers' Compensation Law § 114-a [1] [emphasis added]). We reject the employer's contention that the language limiting the application of the statute to claims for benefits pursuant to Workers' Compensation Law § 15 was intended merely to differentiate the forfeiture of wage replacement benefits from benefits for medical treatment or death, and not to exclude the corresponding loss of earnings benefits awarded to claimant under Volunteer Firefighters' Benefit Law § 10.

---

* Volunteer Firefighters' Benefit Law § 57 incorporates all provisions of Workers' Compensation Law article 7 that are not inconsistent with the provisions of the Volunteer Firefighters' Benefit Law.

"A fundamental rule of statutory construction is that the Legislature is presumed to mean what it says and when the language of a statute is unambiguous, it is to be construed 'according to its natural and most obvious sense, without resorting to an artificial or forced construction' " (*Matter of Schmidt v Roberts*, 74 NY2d 513, 520 [1989], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 94). Stated otherwise, "when a statute is free of ambiguity, a court should construe it so as to give effect to its plain meaning" (*id.* at 520; *see Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 106-107 [1997]; *Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 372 [2007]).

Here, the plain language of Workers' Compensation Law § 114-a unambiguously limits the application of the outlined penalties to wage replacement benefits awarded pursuant to Workers' Compensation Law § 15. If the Legislature had intended Workers' Compensation Law § 114-a to apply to wage replacement benefits, generally, it could have employed less restrictive language (*see Matter of Rodriguez v Burn-Brite Metals Co.*, 1 NY3d 553, 555 [2003]). To reach the interpretation urged by the employer would require this Court to broaden the scope of the statute beyond its plain meaning. Thus, notwithstanding the employer's arguments regarding the legislative intent with respect to the imposition of civil penalties, "[a]bsent ambiguity the courts may not resort to rules of construction to broaden the scope and application of a statute, because no rule of construction gives the court discretion to declare the intent of the law when the words are unequivocal" (*Matter of Raritan Dev. Corp. v Silva*, 91 NY2d at 107 [internal quotation marks, citation and emphasis omitted]; *see Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d at 372). Accordingly, we conclude that, absent further legislative action, Workers' Compensation Law § 114-a may not be applied to benefits received under Volunteer Firefighters' Benefit Law § 10.

The parties' remaining contentions have been considered and found to be either academic or without merit.

Mercure, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.