■ In the Matter of the Claim of JASON GIUDI, Respondent, v NEW PALTZ FIRE DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [956 NYS2d 288]—

Rose, J.

Substantial evidence supports the Board's finding that claimant remains unable "to continue performing either the employment duties usually and ordinarily performed at the time of injury or those required by a reasonable substitute," and we accordingly affirm (*Matter of Doesburg v Village of Stillwater*, 11 AD3d 762, 763 [2004]; *accord Matter of Weinstein v Somers Fire Dist.*, 37 AD3d 917, 918 [2007]). Claimant testified that his work as a chef required substantial amounts of education and training, and he has been forced to perform less

mentally demanding work since his injury. Indeed, a clinical neuropsychologist who examined claimant opined that his cognitive impairments continued to prevent him from working as a chef or military police officer. The Board was free to credit this evidence, which provided ample justification for its finding that claimant continues to suffer from a disability that deprives him of more than 75% of his earning capacity (*see Matter of Allen v Brentwood Fire Dist.*, 1 AD3d 657, 658 [2003]; *Matter of Dentico v Village of Walworth*, 254 AD2d 515, 515-516 [1998]; *Matter of Halbin v Lindenhurst Fire Dept. of Inc. Vil. of Lindenhurst*, 39 AD2d 991, 992 [1972]).

We have considered and rejected the employer's additional contention that the Board applied an incorrect legal standard in assessing the evidence before it.

Mercure, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.