*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    519437
_____

In the Matter of the Claim of
    DAN HARPER,
                    Respondent,

        v

PUBLIC ENERGY FUEL SERVICE              MEMORANDUM AND ORDER
    et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

                    _____

        Stewart Greenblatt Manning & Baez, Syosset (Robert W.
Manning of counsel), for appellants.

        Vecchione, Vecchione & Connors LLP, Garden City (Heather N.
Babits of counsel), for Dan Harper, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                    _____

Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed October 18, 2013, which ruled that claimant did not violate
Workers' Compensation Law § 114-a.

Claimant obtained workers' compensation benefits as the result of a 2002 back injury and was eventually found to suffer from a permanent total disability. He was prescribed the opiate Kadian and was required to undergo urine drug tests to ensure that he was taking the medication. After a physician retained by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) pointed out that those tests revealed that claimant was not taking Kadian on a regular basis, claimant was discharged from the care of his pain management physician. The employer argued that claimant had knowingly misrepresented his Kadian usage, and that he should be disqualified from receiving wage replacement benefits pursuant to Workers' Compensation Law § 114-a. The Workers' Compensation Board ultimately disagreed, and the employer now appeals.

We affirm. Workers' Compensation Law § 114-a (1) provides for both mandatory and discretionary penalties when, for the purpose of obtaining wage replacement benefits "or for the purpose of influencing any determination regarding any such payment, a claimant knowingly makes a false statement or representation as to a material fact" (see e.g. Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d 553, 555 [2003]). As such, while "a false statement need not affect the dollar value of an award to be material within the meaning of section 114—a (1)," it must be significant to the existence of a claim for workers' compensation benefits (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003]; see Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1074-1075 [2007]; Matter of Lopresti v Washington Mills, 23 AD3d 725, 726 [2005]). Claimant here attempted to explain why he did not routinely take Kadian, but the Board rejected his testimony as incredible. The Board nevertheless noted the lack of evidence that claimant was selling the excess Kadian or attempting to profit from it and, accordingly, found that the record did not establish that his misrepresentations were made for purposes of obtaining compensation (see Matter of Donato v Aquarian Designs, Inc., 96 AD3d 1302, 1304 [2012]; compare Matter of Harabedian v New York Hosp. Med. Ctr., 35 AD3d 915, 916 [2006]; Employer: Telespectrum Worldwide, Inc., 2009 WL 607974, *3, 2009 NY Wrk Comp LEXIS 5919, *8-9 [WCB No. 9990 0694, Mar. 2, 2009]). Thus, substantial evidence supports the Board's determination that a penalty under

Workers' Compensation Law § 114-a (1) was not warranted (see Matter of Borgal v Rochester-Genesee Regional Transp. Auth., 108 AD3d 914, 915-917 [2013]; Matter of Engoltz v Stewart's Ice Cream, 91 AD3d 1066, 1067 [2012]).

The employer's further contention, that the Board disregarded its prior precedent without explanation, has been considered and rejected.

Peters, P.J., Egan Jr. and Rose, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court