Matter of Galeano v International Shoppes (2019 NY Slip Op 03117)





Matter of Galeano v International Shoppes


2019 NY Slip Op 03117


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

526734

[*1]In the Matter of the Claim of ANA GALEANO, Claimant,
v
INTERNATIONAL SHOPPES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 26, 2019

Before: Garry, P.J., Lynch, Clark, Mulvey and Rumsey, JJ.


Weiss, Wexler & Wornow, PC, New York City (Andrea Catalano of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed September 13, 2017, which ruled, among other things, that claimant did not violate Workers' Compensation Law § 114-a.
In 2000, claimant sustained a work-related injury, and her subsequent workers' compensation claim was established for her right knee and was subsequently amended to include consequential injuries to her back and left knee. As a result of her work-related injuries, claimant underwent several surgeries on her back and knees. In 2005, claimant was classified with a causally-related permanent partial disability and "[s]ymptomatic treatment was authorized." On April 14, 2007, claimant was involved in a non-work-related motor vehicle accident, sustained overlapping injuries to her back and knees and subsequently received additional medical treatment for her injuries through her no-fault insurance coverage. In 2014, claimant's treating orthopedic surgeon requested authorization for a total knee replacement, which the workers' compensation carrier denied, citing claimant's intervening motor vehicle accident and failure to authorize release of her medical records from the no-fault claim. Claimant withdrew her request for a total knee replacement at a subsequent hearing, and a Workers' Compensation Law Judge (hereinafter WCLJ) directed claimant to authorize release of her medical records related to the motor vehicle accident.
Thereafter, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of whether claimant violated Workers' Compensation Law § 114-a by failing to inform her treating physicians, as well as the carrier's consultant, about [*2]her motor vehicle accident and the ensuing treatment that she received that allegedly resulted in the carrier's overpayment of medical bills that might have been the no-fault insurance carrier's responsibility. Following additional hearings and development of the record, the WCLJ ultimately found that claimant did not violate Workers' Compensation Law § 114-a. Upon administrative review, the Workers' Compensation Board upheld that determination, finding that, because claimant had already been classified and was receiving benefits at the time of the motor vehicle accident, she did not intentionally withhold information for the purpose of obtaining indemnity benefits that she was already entitled to receive. The Board further noted that claimant's disclosure of the motor vehicle accident to the carrier's consultant in 2012 was inconsistent with an intent to conceal or withhold information to obtain indemnity benefits and that the carrier had not sought apportionment. The carrier appeals.
We affirm. Workers' Compensation Law § 114-a (1) provides that a claimant who, for the purpose of obtaining disability compensation, or to influence any determination related to the payment thereof, "knowingly makes a false statement or representation as to a material fact . . . shall be disqualified from receiving any compensation directly attributable to such false statement or representation." For purposes of Workers' Compensation Law § 114-a (1), a fact is material "so long as it is significant or essential to the issue or matter at hand" (Matter of Losurdo v Asbestos Free, 1 NY3d 258, 265 [2003] [internal quotation marks and citation omitted]), and, in addition, "an omission of material information may constitute a knowing false statement or misrepresentation" (Matter of Kodra v Mondelez Intl., Inc., 145 AD3d 1131, 1133 [2016]; see Matter of Jordan v Saratoga County Pub. Health Nurses, 45 AD3d 1074, 1075 [2007]).
Claimant acknowledged in her testimony that she was involved in a motor vehicle accident in April 2007 that resulted in injuries to her neck, back and knees and stated that she informed the physician treating her for her no-fault injuries about her prior workers' compensation accident and surgeries. The record also reflects that she informed the carrier's consultant who performed an independent medical reexamination of claimant in August 2012 that she was involved in a 2007 motor vehicle accident and that she underwent surgery for her right knee as a result of her injuries sustained in that accident. Claimant also testified that she told Robert Hecht, the physician who provided ongoing treatment for claimant's workers' compensation injuries approximately every six weeks, about her motor vehicle accident. However, none of Hecht's numerous medical reports from September 2007 through April 2014 mentions anything about claimant reporting that she was involved in a 2007 motor vehicle accident or otherwise corroborate claimant's testimony. Even if, for the sake of argument, Hecht's medical reports establish that claimant knowingly concealed her motor vehicle accident and resulting injuries and that this omission amounted to a false statement or misrepresentation, "the plain language of Workers' Compensation Law § 114-a unambiguously limits the application of the outlined penalties to wage replacement benefits awarded pursuant to Workers' Compensation Law § 15" (Matter of Giello v Providence Fire Dist., 57 AD3d 1294, 1296 [2008]) and "does not extend to medical benefits" (Matter of Losurdo v Asbestos Free, 1 NY3d at 261 n 1; see Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d 553, 555 [2003]; Matter of Jacob v New York City Tr. Auth., 26 AD3d 631, 632 [2006]; Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 114-a at 369 [2016 ed])[FN1]. There is no dispute that here, in 2005, claimant was classified with a permanent partial disability and awarded benefits prior to the 2007 motor vehicle accident. We therefore agree with the Board that any purported omission by claimant to her treating physician about the motor vehicle accident could not have been done, under the unique circumstances of this case, for the purpose of obtaining wage-replacement benefits pursuant to Workers' Compensation Law § 15. Accordingly, we find no error in the Board's determination that claimant did not violate Workers' Compensation Law § 114-a (see Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d at 555; [*3]Matter of Losurdo v Asbestos Free, 1 NY3d at 261 n 1; Matter of Giello v Providence Fire Dist., 57 AD3d at 1296; Matter of Jacob v New York City Tr. Auth., 26 AD3d at 632). The carrier's remaining contentions have been reviewed and found to be without merit or academic in light of our decision.
Lynch, Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Whereas wage-replacement benefits are provided for in Workers' Compensation Law § 15, "[m]edical benefits for compensable injuries are provided for by section 13 of the Workers' Compensation Law" (Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d at 555).