Matter of Vashaw v C & S Tech. Resources, Inc. (2019 NY Slip Op 08903)





Matter of Vashaw v C & S Tech. Resources, Inc.


2019 NY Slip Op 08903


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

528064

[*1]In the Matter of the Claim of Daniel Vashaw, Respondent,
v
C & S Technical Resources, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald., JJ.


Wolff, Goodrich & Goldman LLP, Syracuse (Robert E. Geyer Jr. of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 18, 2018, which ruled, among other things, that C & S Technical Resources, Inc. and its workers' compensation carrier were responsible for claimant's medical expenses.
Claimant, a pipefitter, filed a claim for workers' compensation benefits asserting that he injured his back, left shoulder and left ankle on January 12, 2015 while working for C & S Technical Resources, Inc. On March 21, 2017, the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an injury to claimant's back as the result of the January 2015 incident. The WCLJ held awards in abeyance pending medical evidence regarding claimant's degree of impairment and treatment issues and noted that the workers' compensation carrier for C & S was alleging that claimant had made false representations in violation of Workers' Compensation Law § 114-a. The carrier also filed multiple C-8.1 forms disputing payment for claimant's medical treatment between January 2017 and March 2017, on the ground that the treatment was not causally related to the January 2015 claim because claimant suffered a subsequent work-related accident in June 2016 while working for another employer. Following a hearing, the WCLJ reiterated that the medical evidence supports the establishment of the claim for a causally-related injury to claimant's back as the result of the January 2015 incident. The WCLJ also found, however, that claimant had made false representations that constituted a violation of Workers' Compensation Law § 114-a, and claimant was disqualified from receiving wage replacement benefits. The WCLJ did authorize medical treatment for the January 2015 injury to claimant's back as needed and resolved the C-8.1 issues against C & S and the carrier (hereinafter collectively referred to as the employer), with all findings being without prejudice to apportionment. On appeal, the Workers' Compensation Board affirmed. The employer appeals.
We affirm. Initially, we note that the forfeiture penalty for making false representations in violation of Workers' Compensation Law § 114-a pertains only to wage replacement benefits and not medical benefits (see Matter of Rodriguez v Burn-Brite Metals Co., 1 NY3d 553, 555 [2003]; Matter of Losurdo v Asbestos Free, 1 NY3d 258, 261 n 1 [2003]). Regarding claimant's medical benefits, the employer contends that any medical treatment provided claimant after the June 2016 incident was not related to the January 2015 claim and, therefore, not its responsibility. Claimant testified that when he returned to work a few days after the January 12, 2015 incident, he was laid off for reasons unrelated to his injury. According to claimant, he worked for a different employer from March 2015 to May 2015, performing light-duty work until he was again laid off. Claimant did not work again until June 21, 2016, when he began work with another employer. Claimant testified that, on June 22, 2016, while standing on a ladder, his left leg went numb and gave out, and he sought medical treatment. Patrick Connolly, an orthopedic surgeon, conducted a medical examination of claimant in April 2017 on behalf of the employer and reviewed claimant's medical records dating back to 2012. Connolly opined that claimant suffered a back strain as a result of the January 2015 incident that aggravated claimant's preexisting spondylolisthesis. Connolly attributed 90% of claimant's condition to the spondylolisthesis and his morbid obesity and 10% to the January 2015 injury. Connolly did not attribute claimant's condition to the June 2016 incident. In contrast, Anthony Licatese, claimant's chiropractor, attributed claimant's back problems to his obesity and opined that his work in June 2016 exacerbated his back pain.[FN1] According deference to the Board's resolution of conflicting medical evidence, we find that the Board's decision that the medical expenses were related to the January 2015 injury and, therefore, the responsibility of the employer is supported by substantial evidence and will not be disturbed (see Matter of Sedlock v Employ Bridge, 172 AD3d 1684, 1685 [2019]; Matter of Molette v New York City Tr. Auth., 166 AD3d 1278, 1278 [2018]).
Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The remaining medical experts whose opinions are in the record did not review claimant's full medical records and were therefore unable to determine whether claimant's medical treatments in 2017 and going forward were related to either the January 2015 incident or the June 2016 incident.